Mario Augusto Gomes **ARTEIRO**, as Trustee for the Wrongful Death of Mario Luis Barata Gomes Arteiro, Plaintiff,

v.

**COCA COLA BOTTLING, MIDWEST, INC.**, a Minnesota corporation, Defendant.

No. 3–68–Civ–237.

United States District Court
D. Minnesota,
Third Division.

June 27, 1969.

William C. Mortensen, Lindquist & Vennum, Minneapolis, Minn., for plaintiff.

Mark Brennan, Meagher, Geer, Markham & Anderson, Minneapolis, Minn., for defendant.

## MEMORANDUM AND ORDER

DEVITT, Chief Judge.

Following a special verdict for defendant, plaintiff Mario Arteiro as Trustee for the wrongful death of his son has moved for judgment notwithstanding the verdict on the issue of liability and a new trial on the damage issue, or in the alternative for a new trial on all issues. All relief requested is denied.

■■■ A motion under Federal Rule of Civil Procedure 50(b), Title 28 U.S. C.A., for judgment notwithstanding the verdict is to be granted "only for one reason—the absence of any substantial evidence to support the verdict." 2B Barron & Holtzoff, Federal Practice and Procedure § 1079. That is, if reasonable minds could differ as to the proper

outcome, regardless of where the weight of the evidence lies, the essential unanimity required for a judgment notwithstanding the verdict is lacking. It cannot be said that the evidence adduced at this trial was such as to require only one possible and proper verdict. See also 5 Moore's Federal Practice ¶ 50.07 [2].[1]

■■■ Plaintiff has also moved under Federal Rules of Civil Procedure 59, Title 28 U.S.C.A., for a new trial. Such a motion is addressed to the broad discretion of the trial court. Boeing Co. v. Shipman, 389 F.2d 507 (5th Cir. 1968); Brown v. Burr-Brown Research Corp., 378 F.2d 822 (5th Cir. 1967); Gault v. Poor Sisters of St. Francis Seraph of Perp. Ador., Inc., 375 F.2d 539 (6th Cir. 1967); North Texas Prod. Assoc. v. Metzger Dairies, Inc., 348 F.2d 189 (5th Cir. 1965) cert. den. 382 U.S. 977, 86 S.Ct. 545, 15 L.Ed.2d 468; Glawe v. Rulon, 284 F.2d 495 (8th Cir. 1960); 3 Barron & Holtzoff, *supra*, §§ 1301-1302.1.

Plaintiff asserts several grounds in support of his motion:

■■■ (1) *Defendant's vehicle was negligently operated as a matter of law.* Such a ground is essentially subsumed in the motion for judgment notwithstanding the verdict, and its reappearance here adds no increment of merit.

■■■ (2) *The court erred in not instructing the jury that decedent and his parents were not negligent as a matter of law.* The defendant requested no instruction on contributory negligence, nor did the evidence reveal any real attempt to establish negligence on the part of plaintiff, his wife, or decedent. No portion of the special verdict which was approved by both parties, pertained to such negligence. The court is not obliged to instruct upon matters not at

1. Moreover where a party fails to move for a directed verdict on certain given issues, the court may not entertain a motion for judgment notwithstanding the verdict which encompasses such issues. See 2B Barron & Holtzoff, supra, § 1079. I can find no record of such a motion having been made.

issue, and thus not within the jury's province. Furthermore, the jury's finding that defendant's truck was operated without negligence rendered moot any question concerning plaintiff or his family's negligence. If there was error, which is doubtful, it was harmless. Mere speculation concerning the possibility that the jury pondered such an issue is too insubstantial to support the grant of a new trial. Counsel were present when the court indicated its unwillingness to charge the jury concerning the lack of negligence of the decedent or his parents, and attorney for plaintiff made no objection then, or at the close of the instructions. He was afforded an opportunity to do so.

█ (3) *The court erred in failing to give paragraph 3 of plaintiff's requested instruction No. 2 regarding the so-called "look-no-see" rule.* At the colloquy concerning proposed instructions, the court informed plaintiff's counsel that he would give plaintiff's requested instruction regarding lookout "in substance, but don't be misled." The court delivered a general instruction on the necessity of proper lookout, but omitted any reference to the "look-and-not-see-that-which-is-in-plain-sight" rule. At the close of instructions, counsel were afforded an opportunity to object to the instructions as given. Neither did. Federal Rule of Civil Procedure 51, 28 U.S.C.A., states in part:

" * * * No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. * * * "

Of course, Civil Rule 51 has the force of law. Bern v. Evans, 349 F.2d 282 (8th Cir. 1965). Plaintiff's objection is not timely, and except as noted below the court is under no obligation to consider it on a motion for a new trial. See e. g., Honea v. West Virginia Pulp & Paper Co., 380 F.2d 704 (4th Cir. 1967);

Nimrod v. Sylvester, 369 F.2d 870 (1st Cir. 1966).

█ However, plaintiff suggests that the failure to give such an instruction was plain and fundamental error. Whether error in instructions regarding a state-created right in a federal diversity case is grounds for a new trial or reversal is a matter of federal law. Lones v. Detroit, T. & I. R.R. Co., 398 F.2d 914 (6th Cir. 1968) cert. den., 393 U.S. 1063, 89 S.Ct. 714, 21 L.Ed.2d 705 (Jan. 28, 1969); Lind v. Aetna Cas. & Sur. Co., 374 F.2d 377 (5th Cir. 1967); McNamara v. Dionne, 298 F.2d 352 (2d Cir. 1962). The federal rule is that errors in instructions which are fundamental and highly prejudicial will justify a new trial or reversal despite the lack of timely objection thereto. See e. g., O'Brien v. Willys Motors, Inc., 385 F.2d 163 (6th Cir. 1967); Ratay v. Lincoln Nat'l Life Ins. Co., 378 F.2d 209 (3d Cir. 1967), cert. den. 389 U.S. 973, 88 S.Ct. 472, 19 L.Ed.2d 465.

█ Of course state law determines the substantive validity of instructions concerning a state-created right. Mindful of that, I have reviewed the pertinent Minnesota cases and have concluded that the facts of this case did not demand an instruction on the "look-no-see" rule. It is true that in certain circumstances Minnesota deems failure to see what is in plain sight to be negligence as a matter of law. See e. g., Moore v. Kujath, 225 Minn. 107, 29 N.W. 2d 883, 175 A.L.R. 1007 (1947); Gotzian v. Wolk, 201 Minn. 38, 275 N.W. 372 (1937). However, it is as clear that the circumstances must be such as to establish that the person or vehicle not seen was in fact in plain sight. See e. g., Wagenhals v. Flint, 262 Minn. 326, 114 N.W.2d 641 (1962); Haugen v. Dick Thayer Motor Co., 253 Minn. 99, 91 N.W. 2d 585 (1958); Martin v. Reibel, 227 Minn. 106, 34 N.W.2d 290 (1948). In the present case, the position of decedent immediately before the accident, whether behind the building, behind, or

even under the truck was never established. There was little, if any, evidence that he was in plain sight. The "look-no-see" rule is a refinement, not a requirement, helpful in cases where plain sight has been established or in substantial degree evidenced. Such was not the case in this trial. The giving of a general instruction on lookout was sufficient.

(4) *Certain of Defendant's testimony was incorrectly admitted.* Because the plaintiff makes no attempt to specify what testimony he refers to, I am unable to consider this claim.

None of the grounds presented in support of a new trial has sufficient merit. The motions for a new trial and for judgment notwithstanding the verdict are

Denied.