**Mony LEICHIHMAN, Plaintiff,**

v.

**PICKWICK INTERNATIONAL, INC., Defendant.**

**No. Civ. 3–82–1121.**

United States District Court, D. Minnesota, Third Division.

Aug. 15, 1984.

## MEMORANDUM & ORDER

DEVITT, Senior District Judge.

Before the court is defendant Pickwick's motion for judgment notwithstanding the verdict or, in the alternative, for new trial. The standard for granting a motion for judgment notwithstanding the verdict is a high one. The court is merely to decide the legal question whether there was evidence sufficient to create material fact issues for the jury. The court cannot decide those fact issues if they are found to exist. *Lane v. Chowning*, 610 F.2d 1385, 1388 (8th Cir.1979). If there is evidence of substance upon which the jury could properly or reasonably have found the verdict for the nonmovant, judgment notwithstanding the verdict cannot be granted. *McGee v. South Pemiscot School District*, 712 F.2d 339 (8th Cir.1983); *Voegeli v. Lewis*, 568 F.2d 89, 92 (8th Cir.1977). In consider-

ing the sufficiency of the evidence in support of the verdict, the court is not free to weigh the evidence or pass on the credibility of witnesses or substitute its judgment of the facts for that of the jury. *Singer Co. v. E.I. du Pont de Nemours & Co.*, 579 F.2d 433 (8th Cir.1978); 9 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2524, at 543–44. The court must view the evidence in the light most favorable to the nonmovant and must give the nonmovant the benefit of all reasonable inferences. *Dace v. ACF Industries, Inc.*, 722 F.2d 374 (8th Cir.1983); *Brown v. Missouri Pacific R.R.*, 703 F.2d 1050 (8th Cir.1983). The nonmovant is not entitled to the benefit of unreasonable inferences or those at war with the undisputed facts. *Marcoux v. Van Wyk*, 572 F.2d 651 (8th Cir.1978). Some courts have said that judgment notwithstanding the verdict must be granted unless there is substantial evidence in opposition to it. *See, e.g., Fontana Aviation, Inc. v. Beech Aircraft Corp.*, 432 F.2d 1080, 1084 (7th Cir.1970).

 In this case the jury found that Pickwick terminated plaintiff due to age discrimination, that Pickwick failed to offer plaintiff an opportunity for another position due to age discrimination, and that such discrimination was a willful violation of the ADEA. In support of its motion for judgment notwithstanding the verdict, Pickwick argues that there was no evidence supporting plaintiff's arguments that age discrimination was the reason plaintiff was assigned to retail after the split, that age discrimination was the reason plaintiff's job in retail was later eliminated, or that age discrimination was the reason plaintiff did not obtain a new position.

Measured against the standard for judgment notwithstanding the verdict described above, Pickwick's position just is not tenable. Although most if not all of plaintiff's evidence was circumstantial, plaintiff is entitled to every favorable inference. Plaintiff's assignment to retail after the split, the fact that older more senior employees cost more in terms of salary and benefits than newer, younger employees, the testimony of Jay Harris, the existence of Pickwick's employee relocation policy and the discordant testimony of Pickwick employees about the date and substance of plaintiff's last meeting with his superiors are some of the evidence upon which the jury could have rested its verdict. Simply because Pickwick infers economic motive from plaintiff's evidence does not mean it was unreasonable for the jury to infer a discriminatory motive. It cannot be said that plaintiff's evidence did not create issues of material fact. Even though Pickwick's evidence of drastic cost-cutting measures implemented during the pertinent time period was substantial, in a motion for judgment notwithstanding the verdict we cannot weigh the evidence or assess the credibility of witnesses who gave controverted testimony. Pickwick's motion for judgment notwithstanding the verdict cannot be granted.

 A motion for new trial is addressed to the sound discretion of the trial court. *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1980); *Lane v. Chowning*, 610 F.2d 1385, 1388 (8th Cir.1979). The overriding principle that should guide the court in considering a motion for new trial is the prevention of injustice. *Fireman's Fund Ins. Co. v. Aalco Wrecking Co.*, 466 F.2d 179 (8th Cir.1972); *Altrichter v. Shell Oil Co.*, 263 F.2d 377 (8th Cir.1959). If the jury verdict is against the weight of the evidence, or if it is the result of some prejudicial error of law (i.e., an error causing substantial harm to the losing party), then a new trial is justified. *See Midcontinent Broadcasting Co. v. North Central Airlines, Inc.*, 471 F.2d 357, 359 (8th Cir. 1973). The court has broad discretion in considering the weight of the evidence. The trial judge is free to weigh the evidence for himself and if he is left with the definite and firm conviction that the jury has made a mistake, he may set aside the verdict even though there is substantial evidence to support it. The court is not

required to view the evidence in the light most favorable to the nonmovant. The court must be motivated by more than the fact that it would have come to a different conclusion had it been the trier of fact. The court must feel that the jury quite clearly reached a seriously erroneous result in spite of the clear weight of the evidence. *See generally, Day v. Amax, Inc.,* 701 F.2d 1258 (8th Cir.1983); *Altrichter v. Shell Oil Co.,* 263 F.2d 377 (8th Cir.1959); 11 C. Wright & A. Miller, *supra,* §§ 2803, 2805–06.

Pickwick argues that any evidence supporting plaintiff's claims was clearly refuted by Pickwick's evidence of retrenchment and economically motivated personnel decisions. Pickwick attributes the verdict to the jury's sympathy for plaintiff's life experiences. We agree that the verdict was against the weight of the evidence and that a new trial is necessary to avoid a miscarriage of justice.

The testimony of Pickwick executives and managers about the harsh realities Pickwick faced after the industry-wide recession and the drastic steps that had to be taken to salvage the company made plaintiff's allegations and evidence of age discrimination seem peculiarly subjective and extremely strained. With Pickwick laying off hundreds of employees and divesting itself of entire divisions and affiliated companies, the evidence that personnel decisions affecting plaintiff were motivated by age discrimination was overwhelmed.

We are definitely and firmly convinced that the jury was mistaken in its verdict. The interests of justice as well as the clear weight and logical force of the evidence require a new trial.[1]

Accordingly, Pickwick's motion for judgment notwithstanding the verdict is DENIED. The alternative motion for new trial is GRANTED.

1. Because we find that the interests of justice and the weight of the evidence warrant a new trial, we do not consider the various prejudicial errors alleged by Pickwick as additional support for its motion for new trial.