17 F.3d 1436
 63 Fair Empl.Prac.Cas. (BNA) 1376
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Harry D. HASTINGS, Plaintiff-Appellant,
v.
Patricia SAIKI, administrator, Small Business
Administration; Russell Berry, Defendants-Appellees.
 No. 93-1125.
 United States Court of Appeals,
Tenth Circuit.
 Feb. 14, 1994.
 
 1
 Before TACHA and BRORBY, Circuit Judges, and BROWN,** Senior District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. Accordingly, appellant's request for oral argument is denied and the case is ordered submitted on the briefs.
 
 
 3
 Plaintiff appeals from the district court's grant of summary judgment in favor of defendants, his employer and supervisor, in this employment discrimination suit. Plaintiff alleged defendants discriminated against him in various respects, ultimately leading to his constructive discharge through early retirement, on account of his age, sex, and participation in protected activities under Title VII and the Age Discrimination in Employment Act. The district court held that plaintiff had failed to establish a prima facie case of discrimination or retaliation and that, moreover, defendants had presented and substantiated legitimate, nondiscriminatory reasons for their actions which had not been effectively rebutted as pretextual by plaintiff.
 
 
 4
 We review summary judgment de novo and apply the same legal standard used by the district court under Fed.R.Civ.P. 56(c). Summary judgment is appropriate if there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law. We view the evidence and draw any inferences in a light most favorable to the party opposing summary judgment, but that party must identify sufficient evidence which would require submission of the case to a jury.
 
 
 5
 Green Constr. Co. v. Kansas Power & Light Co., 1 F.3d 1005, 1008 (10th Cir.1993) (citations and internal quotations omitted). Summary judgment will not be forestalled by conclusory allegations, McVay v. Western Plains Serv. Corp., 823 F.2d 1395, 1398 (10th Cir.1987), or by merely colorable evidence, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).
 
 
 6
 Upon review of the arguments raised and materials submitted by the parties, we concur in the district court's assessment of the critical deficiencies in plaintiff's case. In our view, nothing brought to our attention on this appeal undercuts that assessment. Furthermore, given the trial de novo to which plaintiff was entitled in the district court, see Chandler v. Roudebush, 425 U.S. 840, 844-45 (1976), plaintiff's charge of bias in connection with his administrative proceedings has no relevance here. Cf. Cottrell v. Newspaper Agency Corp., 590 F.2d 836, 838 (10th Cir.1979) (noting in related context that "Title VII suits are de novo actions, so adverse interim [administrative] findings are no hindrance to a claim in federal district court"). Accordingly, we hold that summary judgment was properly entered in favor of defendants for substantially the reasons stated by the district court.
 
 
 7
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470