Kenna BOYCE, Plaintiff,

v.

**BOARD OF COUNTY COMMISSIONERS OF DICKINSON COUNTY and Durward Nice, Dickinson County Administrator, Defendants.**

Civ. A. No. 92–4180–DES.

United States District Court, D. Kansas.

June 30, 1994.

David O. Alegria, McCullough, Wareheim & La Bunker, P.A., Topeka, KS, for plaintiff.

Thomas D. Haney, Porter, Fairchild, Wachter & Haney, Topeka, KS, for defendants.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on the parties' various post-trial motions.  In this

case, plaintiff claimed that defendants created a hostile work environment in retaliation for Title VII protected activity. She also claimed that defendants constructively discharged her. The jury found for plaintiff on the former claim but against her on the latter. The jury awarded plaintiff $50,000 for her emotional pain, suffering, and mental anguish.

The parties present the following motions: defendants' motion for judgment notwithstanding the verdict or, alternatively, new trial or remittitur (Doc. 84); plaintiff's motion for judgment notwithstanding the verdict or, alternatively, new trial (Doc. 90); and plaintiff's application for attorney's fees (Doc. 92).

## I. THE PARTIES' MOTIONS FOR JUDGMENT NOTWITHSTANDING THE VERDICT OR, ALTERNATIVELY, FOR NEW TRIAL.

Federal Rule of Civil Procedure 50(b) allows a party to move for judgment notwithstanding the verdict ("JNOV"). In reviewing a motion for JNOV, the district court may grant the motion only if the facts and inferences in the case point so strongly and overwhelmingly in favor of one party that the court should find that reasonable persons could not arrive at a contrary verdict. *Downie v. Abex Corp.*, 741 F.2d 1235, 1238 (10th Cir.1984). The question is whether there is any evidence upon which the jury could properly return a verdict for that party, not whether there exists no evidence supporting the party against whom the motion is directed. *K–B Trucking Co. v. Riss Int'l. Corp.*, 763 F.2d 1148, 1163 (10th Cir.1985). In considering the motion, the trial judge must consider all the evidence and the reasonable inferences derived therefrom in the light most favorable to the party against whom the motion is directed. *Downie*, 741 F.2d at 1238. The trial court is not permitted to weigh the evidence presented, to pass on the credibility of the witnesses, or to substitute its judgment of the facts for that of the jury. *See e.g., Marsh v. Coleman Co., Inc.*, 806 F.Supp. 1505, 1507 (D.Kan.1992). The court may grant JNOV only if no reasonable inferences sustain the position of the party against whom the motion is directed. *Id.*

Generally, motions for new trial are committed to the sound discretion of the trial court. *McDonough Power Equip. Inc. v. Greenwood*, 464 U.S. 548, 556, 104 S.Ct. 845, 850, 78 L.Ed.2d 663 (1984). In reviewing a motion for new trial, the court should "exercise judgment in preference to the automatic reversal for 'error' and ignore errors that do not affect the essential fairness of the trial." *Id.* at 553, 104 S.Ct. at 848. "[T]he party seeking to set aside a jury verdict must demonstrate trial errors which constitute prejudicial error or that the verdict is not based on substantial evidence." *White v. Conoco, Inc.*, 710 F.2d 1442, 1443 (10th Cir. 1983). "In considering a motion for new trial, the court is permitted to weigh the evidence and it may order a new trial even if there is evidence to support the jury's verdict." *Commons v. Montgomery Ward & Co.*, 614 F.Supp. 443, 449 (D.Kan.1985) (citing 11 Wright & Miller, *Federal Practice and Procedure*, § 2806).

### A. Defendants' Motion for JNOV or, Alternatively, New Trial or Remittitur.

Defendants make the following three arguments in support of their motion: (1) there is insufficient evidence to support plaintiff's retaliation claim; (2) there is insufficient evidence to support plaintiff's damages claim; and (3) plaintiff may not receive compensatory damages. After examining the issues presented, the court concludes, albeit reluctantly, that defendants' motion for JNOV or, alternatively, new trial or remittitur must be denied.

First, defendants argue that the evidence is insufficient to support the jury's verdict on plaintiff's retaliation claim. The court has examined defendants' arguments and the issues presented. Although it is the court's opinion that the weight of the evidence favors defendants, the evidence presented is legally sufficient to support the jury's verdict. Plaintiff presented various instances of arguable retaliation (e.g., the telephone investigation, the treatment of Jim Hague, the treatment of plaintiff's co-work-

ers), she also presented evidence that she suffered mental anguish. Considering all the evidence in the light most favorable to plaintiff, the court is unable to conclude that no reasonable jury could find for plaintiff on her retaliation claim. Thus, the court denies defendants' motion for JNOV.

■ Additionally, the court is unconvinced that the jury's verdict requires a new trial. When evaluating a motion for new trial, "[t]he trial court must focus on whether the verdict is clearly, decidedly, or overwhelmingly against the weight of the evidence." *Cunningham v. Subaru of America, Inc.,* 684 F.Supp. 1567, 1569 (D.Kan.1988) (citing *Black v. Hieb's Enter., Inc.,* 805 F.2d 360, 363 (10th Cir.1986). The court, although of the belief that the jury's verdict is against the weight of the evidence, cannot conclude that the verdict is clearly, decidedly, or overwhelmingly against the weight of the evidence. A new trial is not warranted simply because the court would have reached a different verdict. *Richardson v. Suzuki Motor Co., Ltd.,* 868 F.2d 1226, 1248 (Fed.Cir.1989), *cert. denied,* 493 U.S. 853, 110 S.Ct. 154, 107 L.Ed.2d 112 (1989). *See also Purnell v. Lord,* 952 F.2d 679, 686 (2d Cir.1992) (writing that "[a] trial court ordinarily should not grant a new trial unless it is convinced that the jury has reached a seriously erroneous result or that its verdict is a miscarriage of justice"). Thus, the court denies defendants' motion for new trial.

■ Second, defendants argue that the evidence is insufficient to support the jury's award of $50,000 to compensate plaintiff for her emotional pain, suffering, and mental anguish. As with defendants' first argument, the court disagrees with the amount of the jury's verdict, however, the court finds that post-trial relief is inappropriate. That is, (1) construing the evidence in the light most favorable to plaintiff, the court is unable to hold that the evidence is legally insufficient to support the jury's verdict and (2) the court is unable to find that the jury's verdict is

clearly, decidedly, and overwhelmingly against the weight of the evidence.

■ Alternatively, defendants move for remittitur. In evaluating a motion for remittitur, the court must examine the verdict to determine whether the jury award is "so excessive that it shocks the judicial conscience or leads to an inescapable inference that it resulted from improper passion or prejudice on the part of the jury." *Malandris v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 703 F.2d 1152, 1177 (10th Cir. 1981), *cert. denied,* 464 U.S. 824, 104 S.Ct. 92, 78 L.Ed.2d 99 (1983).

■ The court has fully considered defendants' contentions and examined the issues presented. Although the jury award is significant, and the court may not be in agreement with its amount, it is not so excessive that it "shocks the judicial conscience" or leads to an "inescapable inference" of impropriety. Plaintiff presented legally sufficient evidence regarding mental anguish and the jury's award is within the statutory parameters. The court finds that defendants' motion for remittitur should be denied.

Third, defendants argue that plaintiff cannot receive compensatory damages. Defendants presented a similar argument in their motion to strike jury trial. The court previously has considered and rejected this argument.[1] Accordingly, defendants' motion, to the extent it is based on their third argument, is denied.

**B.  *Plaintiff's Motion for JNOV or, Alternatively, New Trial.***

■ Plaintiff moves for JNOV or, alternatively, new trial on her constructive discharge claim. A party cannot move for JNOV unless she first moved for a directed verdict at trial. *See, e.g.,* 9 Wright & Miller, *Federal Practice and Procedure,* § 2537, at p. 596 (1971) (stating that "[a] motion for judgment notwithstanding the verdict cannot

---

1.  Although defendants do not mention it, subsequent to this court's resolution of defendants' pre-trial motion, the Supreme Court addressed a related issue. In *Landgraf v. USI Film Products,* —— U.S. ——, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994), the Supreme Court held that compensa-

tory damages could not be had in a case filed prior to the effective date of the Civil Rights Amendments of 1991. Unlike, in *Landgraf,* the instant action was filed after the effective date and is based on unlawful conduct of a continuing nature which straddles the effective date.

be made unless a motion for directed verdict was made by the party at the close of all the evidence").[2] Plaintiff did not move for directed verdict, formally or informally, on her constructive discharge claim. Her failure to move for directed verdict precludes her from moving for JNOV. Therefore, the court denies her motion insofar as it is for JNOV.

In support of her motion for new trial, plaintiff argues that the court (1) erroneously instructed the jury on constructive discharge and (2) improperly refused to provide the jury with certain figures written on a chalkboard during the trial.

First, plaintiff argues that the court erroneously instructed the jury on constructive discharge. Plaintiff points to no specific instruction with which she finds fault. Instead, she argues in a general fashion that the instructions erroneously required the jury to find that defendants acted intentionally.

"[T]he question on which constructive discharge cases turn is whether the employer by its illegal discriminatory acts had made working conditions so difficult that a reasonable person in the employee's position would feel compelled to resign." *Derr v. Gulf Oil Corp.*, 796 F.2d 340, 344 (10th Cir. 1986). The standard is objective in that its focus is not on whether the employer specifically intended by its alleged illegal discriminatory acts to force plaintiff to resign. *Id.* at 343–344. The standard's focus is on whether the employee resigned, rather than waiting to be fired, because of unreasonably harsh conditions that were applied to her in a retaliatory fashion. *See Spulak v. K Mart Corp.*, 894 F.2d 1150, 1154 (10th Cir.1990).

The court agrees with plaintiff insofar as she argues that defendants need not have had the specific intent to force plaintiff to resign. However, the court disagrees with plaintiff to the extent that she argues that defendants' intent is wholly irrelevant. In order to be liable for a constructive discharge, an employer must have created, by its illegal discriminatory acts, an unreasonably harsh work environment. The key phrase is "by its illegal discriminatory acts." To succeed on a constructive discharge theory, an employee must show not only that her employer created an unreasonably harsh work environment but also that her employer created such environment by its illegal discriminatory acts. *Hastings v. Saiki*, 824 F.Supp. 969, 974 (D.Colo.1993), *aff'd*, 17 F.3d 1436, 1994 WL 43345 (10th Cir.1994).

Plaintiff alleges that defendants retaliated against her for engaging in Title VII protected conduct. Although defendants' specific intent to force plaintiff's resignation is irrelevant, their intent to retaliate, the intent which colors the underlying acts as illegal discrimination, is relevant. Accordingly, an employer can be liable for constructive discharge if he engages in acts of intentional retaliation which create an unreasonably harsh work environment even though the creation of that environment may be an unintended result. However, contrary to what plaintiff apparently argues, defendants cannot be liable for constructive discharge absent some finding that they engaged in intentional retaliation, the illegal discriminatory acts, which created, regardless of their specific intent to create, an unreasonably harsh work environment.

Instruction No. 12 conveys the distinction. It specifically instructs the jury that their focus is on the objective effect of defendants' illegal discriminatory acts, not on defendants'

---

2. In pertinent part, Rule 50(b) provides as follows:

   Whenever a motion for judgment as a matter of law **made at the close of all the evidence** is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Such a motion may be **renewed** by service and filing not later than 10 days after entry of judgment. (Emphasis added).

"Since the motion under subsection (b) of Rule 50 is considered to be a renewal of the motion under subsection (a), it follows that a motion for judgment as a matter of law made after the verdict cannot be entertained unless the moving party requested judgment as a matter of law prior to the submission of the case to the jury by moving for such a judgment at the close of all the evidence." 5A J.W. Moore, et al., *Moore's Federal Practice*, ¶ 50.08, p. 50–08 (1994).

subjective intent to force plaintiff to resign.[3] Therefore, the court rejects plaintiff's argument with respect to the jury instructions on constructive discharge.

■ Second, plaintiff argues that the court improperly refused the jury's request to be given certain figures written on a chalkboard during trial. During trial, certain figures pertaining to plaintiff's alleged pecuniary loss were written on a chalkboard. The chalkboard was not introduced into evidence. However, the report from which the figures were derived, Dr. Baker's report, was introduced into evidence as Plaintiff's Exhibit No. 59. The jurors had Plaintiff's Exhibit No. 59 in their possession throughout their deliberations. During their deliberations, the jury asked to be given the figures from the chalkboard. The court declined to provide the jury with these figures explaining that they were not in evidence.

Plaintiff argues as error the court's refusal to provide the jury with items not in evidence, or instruct the jury to direct its attention to a specific exhibit. Plaintiff's argument is without merit. The jury already possessed the information contained on the chalkboard. Thus, they were not deprived of any relevant information. Plaintiff's motion is denied to the extent it is based on her second argument.

## II. PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES.

■ Plaintiff filed an application for attorney's fees in which she also appears to ask for an award of "related nontaxable expenses" pursuant to Federal Rule of Civil Procedure 54(d)(2)(B).[4] The court has examined plaintiff's application and defers its decision because the application is not ripe for consideration.

District of Kansas Rule 220 states a prerequisite to the court's consideration of a motion to award statutory attorney's fees. In pertinent part, Rule 220 provides that "[t]he court will not consider a motion to award statutory attorney's fees until moving counsel shall first advise the court in writing that after consultation the parties are unable to reach an agreement with regard to the fee award."

Plaintiff argues that Standing Order 1994–1 abrogates District of Kansas Rule 220. Standing Order Number 1994–1 provides that "[a]ll provisions of the local rules of this court which conflict with or provide direction other than that which is supplied in the amendments to the Federal Rules of Civil Procedure which became effective December 1, 1993, are abrogated."

3. Instruction No. 12 provides as follows:

When you consider plaintiff's "constructive discharge" claim, the focus of your inquiry is not on whether defendants specifically intended by their illegal discriminatory acts to force plaintiff to resign. Instead, your focus is on whether plaintiff resigned because of unreasonably harsh conditions that were applied to her in an unlawful retaliatory fashion.

Before you can find for plaintiff on her "constructive discharge" claim, plaintiff must prove by a preponderance of the evidence not only that defendants created an unreasonably harsh work environment, but also that they created this environment by illegal discriminatory acts.

Plaintiff's work environment was unreasonably harsh if a reasonable person in her position would have felt compelled to resign.

Defendants engaged in illegal discriminatory acts if plaintiff proves by a preponderance that defendants engaged in unlawful retaliatory acts. Thus, if you find that defendants engaged in unlawful retaliation against plaintiff because she filed her pregnancy discrimination claims, you may conclude that defendants engaged in illegal discriminatory acts. That is, if

you find for plaintiff on her first claim, her claim for unlawful retaliation, you may find that defendants engaged in illegal discriminatory acts. However, if you find that defendants did not engage in unlawful retaliation against plaintiff, your verdict must be for defendants on plaintiff's claim for "constructive discharge." That is, if you find for defendants on plaintiff's first claim, her claim for unlawful retaliation, you must find for defendants on plaintiff's second claim, her claim for "constructive discharge."

4. In the "Application," plaintiff asks for attorney's fees along with various costs and expenses. To the extent she asks for taxable costs, there is no indication that she complied with Rule 54(d)(1) and District of Kansas Rule 219.

She seems to argue that Rule 54(d)(2)(B), through Standing Order No. 1994–1, abrogates District of Kansas Rule 219. District of Kansas Rule 219 addresses the taxation and payment of costs, whereas Rule 54(d)(2) addresses attorney's fees and nontaxable costs. Rule 54(d)(2) does not affect District of Kansas Rule 219.

Plaintiff argues that Rule 54(d)(2)(B), which became effective December 1, 1993, and which requires a party to move for attorney's fees within 14 days after entry of judgment, conflicts with, and therefore abrogates, District of Kansas Rule 220. Contrary to plaintiff's argument, Rule 54(d)(2)(B) does not abrogate the consultation requirement of District of Kansas Rule 220. Rule 54(d)(2)(B) provides a deadline for filing motions for attorney's fees. Whereas District of Kansas Rule 220 provides, in part, that moving counsel must consult with the parties and submit in writing a statement that consultation was fruitless before the court will consider a motion for statutory fees.

Mr. David Alegria, the moving counsel, has not advised the court as required by District of Kansas Rule 220. Therefore, plaintiff's application for attorney's fees is not yet ripe for the court's consideration. Mr. Alegria is directed to consult with the parties in an effort to reach an agreement with regard to the fee award. The court will not consider the application for fees until Mr. Alegria has submitted the appropriate stipulation and request for an order or statement of consultation.

**IT IS BY THE COURT THEREFORE ORDERED** that defendants' motion for JNOV or, alternatively, new trial or remittitur (Doc. 84) is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion for JNOV or, alternatively, new trial (Doc. 90) is denied.

**IT IS FURTHER ORDERED** that plaintiff's application for attorney's fees (Doc. 92) is denied. Plaintiff has not complied with District of Kansas Rule 220, therefore her application is not yet ripe for consideration. The court will suspend consideration until Mr. Alegria has submitted the appropriate stipulation and request for an order or statement of consultation.