**Guillermo SANJUAN, Plaintiff,**

v.

**IBP, INC., Defendant.**

**Civil Action No. 94–1541–DES.**

United States District Court,
D. Kansas.

Sept. 3, 1996.

David O. Alegria, McCullough, Wareheim & LaBunker, P.A., Topeka, KS, for Plaintiff.

Jack Focht and Kenneth G. Gale, Focht, Hughey & Calvert, L.L.C., Wichita, KS, for Defendant.

## *MEMORANDUM AND ORDER*

SAFFELS, Senior District Judge.

This matter is before the court on the defendant's Renewed Motion for Judgment (Doc. 60), the defendant's Motion for a New Trial (Doc. 62), and the plaintiff's Motion for Additur, Motion for Judgment as a Matter of Law or Motion for a New Trial (Doc. 64).

Guillermo Sanjuan brought this action alleging that he was fired from his job at IBP, Inc. ("IBP") in retaliation for exercising rights under the Kansas Workers Compensation Act, Kan.Stat.Ann. §§ 44–501 to –5,125. On May 10, 1996, a jury returned a verdict in favor of the plaintiff. The jury awarded the plaintiff $19,074 for lost past wages, $928 for lost past fringe benefits, and $19,074 for embarrassment, humiliation, and emotional distress, for a total award of $39,076.

### I. *Defendant's Renewed Motion for Judgment*

The court denied the defendant's motion for judgment as a matter of law at the close of all evidence. IBP now renews its motion pursuant to Fed.R.Civ.P. 50(b), and asks the court to set aside the jury's finding that IBP retaliatorily discharged the plaintiff.

 The court can grant a motion for judgment as a matter of law "only if the evidence, viewed in the light most favorable to the nonmoving party, points but one way and is susceptible to no reasonable inferences supporting the nonmoving party." *Riggs v. Scrivner, Inc.*, 927 F.2d 1146, 1149 (10th Cir.1991), *cert. denied*, 502 U.S. 867, 112 S.Ct. 196, 116 L.Ed.2d 156 (1991). "[T]he court must view the evidence and indulge all inferences in favor of the party opposing the motion and cannot weigh the evidence, consider the credibility of witnesses or substitute its judgment for that of the jury." *Lucas v. Dover Corp.*, 857 F.2d 1397, 1400 (10th

**1004**

Cir.1988). In short, judgment as a matter of law is proper only when "the evidence so strongly supports an issue that reasonable minds could not differ." *Ryder v. City of Topeka,* 814 F.2d 1412, 1418 (10th Cir.1987).

The defendant contends that Mr. Sanjuan presented no evidence at trial to prove that he was discharged in retaliation for exercising rights under the Workers Compensation Act. The defendant refers the court to the testimony of Minh Duong, who testified that he fired the plaintiff for poor work performance. IBP asserts that there was no evidence that Mr. Duong was aware of the particular facts of Mr. Sanjuan's injury.

■ While Mr. Duong may not have been aware of the extent of medical care which Mr. Sanjuan had received for his work injury, the plaintiff presented evidence that Mr. Duong knew that the plaintiff had been injured and that he had been assigned "light duty" as a result. To succeed on a claim for retaliatory discharge, a plaintiff must show that: (1) he filed a claim for workers' compensation benefits, or sustained an injury for which he might assert a claim for such benefits; (2) *his employer had knowledge of the claim, or of the fact that he had sustained a work-related injury for which he might file a claim;* (3) his employer terminated his employment; and (4) a causal connection existed between the protected activity or injury and the termination. *Huffman v. Ace Elec. Co.,* 883 F.Supp. 1469, 1475 (D.Kan.1995) (emphasis added). The plaintiff's evidence was thus sufficient to satisfy the third element of retaliatory discharge.

Mr. Sanjuan also offered evidence of a causal connection between his injury and his termination. For example, the plaintiff showed that he was not disciplined for poor job performance until after his injury, and that other employees had reported mistreatment following work-related injuries. Because an employer will rarely admit to retaliatory motives in firing an employee, retaliatory discharge cases must generally be proven by such circumstantial evidence. *See Chaparro v. IBP, Inc.,* 873 F.Supp. 1465, 1472 (D.Kan.1995). The court concludes that there was sufficient evidence for the jury to find that the plaintiff had suffered retaliatory discharge.

■ IBP moves, in the alternative, for an order setting aside the jury's award of $928 for lost past fringe benefits. The defendant contends that because Mr. Sanjuan's wife was also employed by IBP, and received family medical benefits, the award of fringe benefits was duplicative of those received by the plaintiff through his wife.

The defendant provides the court with no authority in support of its proposition that an award of fringe benefits should be reduced to reflect a plaintiff's receipt of similar benefits from another source. Furthermore, Mr. Sanjuan presented evidence of lost fringe benefits other than medical benefits, such as profit sharing. The court finds that the plaintiff presented sufficient evidence of his loss of benefits to support the $928 award.

## II. *Defendant's Motion for a New Trial*

■ Where there has been a trial by jury, Fed.R.Civ.P. 59(a) permits the court to grant a new trial "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Motions for new trial are committed to the sound discretion of the trial court. *McDonough Power Equip., Inc. v. Greenwood,* 464 U.S. 548, 556, 104 S.Ct. 845, 850, 78 L.Ed.2d 663 (1984). A new trial is not in order unless the court finds that prejudicial error has entered the record or that substantial justice has not been done. *Johnson v. Colt Indus. Operating Corp.,* 609 F.Supp. 776, 779 (D.Kan.1985), *aff'd,* 797 F.2d 1530 (10th Cir.1986). "Neither an error in the admission or exclusion of evidence nor an error in a ruling or order of the court, nor anything done or omitted by the court, can be grounds for granting a new trial unless the error or defect affects the substantial rights of the parties." *Courtney v. Safelite Glass Corp.,* 811 F.Supp. 1466, 1471 (D.Kan. 1992).

The defendant first contends that the verdict is unsupported by the evidence, and refers the court to the arguments and authorities contained in its Memorandum in Support of Defendant's Renewed Motion for

Judgment. For the reasons set forth above, the court rejects the defendant's argument as to the sufficiency of the evidence.

The defendant also asserts that a new trial is required because evidentiary errors at trial combined to allow the jury to improperly infer retaliatory intent on the part of the defendant. IBP argues that the court erred by admitting, over its objection, evidence that personnel directors at IBP had "heard" complaints from other employees that IBP mistreats injured workers. The defendant maintains that such evidence constituted inadmissible hearsay under Fed.R.Evid. 801.

■■■ A witness's testimony that he heard or received complaints is not hearsay, in that it is not a statement made by an out-of-court declarant. Fed.R.Evid. 801(c). The defendant does not cite any particular statement which it believes to be hearsay. Failure to specify testimony allegedly incorrectly admitted precludes the court from considering any claimed error in its admission. *Arteiro v. Coca Cola Bottling, Midwest, Inc.*, 47 F.R.D. 186, 189 (D.Minn.1969).

The defendant maintains that even if the testimony regarding employee complaints is not hearsay, it is inadmissible character evidence. Fed.R.Evid. 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."

■■■ Evidence of other wrongs or acts is admissible, however, for other purposes, such as to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Id.* Evidence of a defendant's treatment of other employees is generally relevant to the issue of an employer's retaliatory or discriminatory intent. *See, e.g., Spulak v. K Mart Corp.*, 894 F.2d 1150, 1156 (10th Cir.1990). "Such evidence is often the only proof of defendant's state of mind, and if it were excluded, plaintiff would have no means of proving the defendant acted with discriminatory intent." *Garvey v. Dickinson College*, 763 F.Supp. 799, 801 (M.D.Pa.1991) (citing *United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 716, 103 S.Ct. 1478, 1482, 75 L.Ed.2d 403 (1983)). Rule 404 permitted evidence of IBP's treatment of other injured employees to prove the defendant's motive or intent in regard to the plaintiff. *See id.*

■■■ The defendant next argues that the court admitted evidence which was irrelevant under Fed.R.Evid. 401, and of which the probative value was substantially outweighed by unfair prejudice under Fed.R.Evid. 403. The defendant refers the court to evidence that IBP offered prizes to work sections who remained injury-free, and that the defendant had "cost per injury" goals for work injuries. The court finds that such circumstantial evidence was indeed relevant to the defendant's motivation to discourage the reporting of injuries and/or reduce the cost of injuries. *See Spulak*, 894 F.2d at 1156. The court also concludes that the evidence was not unfairly prejudicial, in that the defendant was allowed to counter the testimony with explanations of the incentives and goals.

### III. *Plaintiff's Motion for Additur, Motion for Judgment as a Matter of Law or Motion for New Trial*

■■■ The court lacks jurisdiction to entertain the plaintiff's motions for additur and for judgment as a matter of law. The Supreme Court has held that additur cannot be used in federal court because it involves an unconstitutional reexamination of the jury verdict in violation of the Seventh Amendment. *Lyon Dev. v. Business Men's Assurance Co. of Am.*, 76 F.3d 1118, 1125 (10th Cir.1996) (citing *Dimick v. Schiedt*, 293 U.S. 474, 55 S.Ct. 296, 79 L.Ed. 603 (1935)). Nor is the plaintiff permitted to seek judgment as a matter of law under Fed.R.Civ.P. 50(b), in that he did not move for a directed verdict at the close of evidence. *Trujillo v. Goodman*, 825 F.2d 1453, 1455 (10th Cir.1987). Mr. Sanjuan asks, in the alternative, that the court construe his motion for additur as a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e). The court will therefore address the plaintiff's motions for new trial and to alter or amend judgment.

■■ The plaintiff first attacks Instruction No. 12, contending that its use constituted

plain error. Instruction No. 12 read as follows:

> The Workers Compensation Act provides the sole and exclusive remedy for any and all injuries that an employee may sustain while working for his employer, as long as those injuries occur while the employee is acting within the scope of his duties. The Workers Compensation Act compensates injured workers for physical pain and disability caused by work-related injuries, wages lost as a result of their injuries, and future lost income in the event that their injuries prevent them from finding suitable employment. The plaintiff may not recover in this action for any damages that were caused by an accident that he sustained while working for the defendant.

The evidence established that the plaintiff had pending a workers compensation claim for temporary total disability. The plaintiff maintains, however, that it was error to instruct the jury that he would recover past and future wage losses in his workers compensation case and that he could not recover damages in the present action which would be awarded on his workers compensation claim.

Mr. Sanjuan reads something into the instruction which is not there. The instruction merely informed the jurors that the Workers Compensation Act compensates workers for wages lost as a result of their work injuries, and that such damages are properly awarded under the Act rather than in an action for retaliatory discharge. The jury was not instructed that the plaintiff would or would not recover on his workers compensation claim. The instruction accurately stated the law. *See* Kan.Stat.Ann. § 44–510c (providing for weekly disability payments based on injured employee's wages); *McMechan v. Everly Roofing, Heating & Air Conditioning, Inc.*, 8 Kan.App.2d 349, 656 P.2d 797, 799 (1983) (goal of workers' compensation is to restore earning power lost as a result of injury). A plaintiff cannot recover wages in a retaliatory discharge action for a period of time during which he is receiving temporary total disability compensation. *Hill v. IBP, Inc.*, 881 F.Supp. 521, 525 (D.Kan.1995).

■ Mr. Sanjuan also contends that the defendant improperly argued in closing that an award of wages to the plaintiff would represent double compensation. By failing to timely object to the argument, however, the plaintiff has waived his right to seek a new trial on the issue. *Ortega v. City of Kansas City, Kan.*, 659 F.Supp. 1201, 1213 (D.Kan.1987), *rev'd on other grounds*, 875 F.2d 1497 (10th Cir.1989), *cert. denied*, 493 U.S. 934, 110 S.Ct. 325, 107 L.Ed.2d 315 (1989).

The plaintiff next asserts that the jury's award of damages is inconsistent with the evidence presented. Mr. Sanjuan refers the court to the testimony of its expert witness, who testified that the plaintiff's damages were $78,744 for past wage loss and $436,515 for future wage loss.

■ The trier of fact, who has the first-hand opportunity to hear testimony and observe the demeanor of witnesses, is clothed with wide discretion in fixing damages. *Bennett v. Longacre*, 774 F.2d 1024, 1028 (10th Cir.1985). The court will not increase a jury's award of damages unless it is so unreasonable "as to shock the judicial conscience and to raise an irresistible inference that passion, prejudice, corruption, or other improper cause invaded the trial." *Id.* at 1028. In the instant case, the defendant presented substantial evidence on which the jury could have relied in awarding damages less than those sought. IBP showed that the plaintiff had some earnings from odd jobs and had obtained a new job shortly before trial. There was also evidence that the plaintiff had babysat his children while unemployed, thereby saving $100 per week in child care expenses. The record discloses no evidence to support a finding that the jury's award was improperly based on passion or prejudice.

■ Finally, the plaintiff objects to the jury's decision not to award punitive damages. Mr. Sanjuan argues that the jury's failure to assess punitive damages was against the weight of the evidence. Punitive damages are appropriate where the defendant's conduct is willful, wanton, or malicious. The plaintiff maintains that a termination of

employment is necessarily willful, and that the jury's finding that the plaintiff was retaliatorily discharged therefore necessitates an award of punitive damages.

Punitive damages are not automatic, however. *Nordstrom v. Miller*, 227 Kan. 59, 605 P.2d 545, 555 (1980) (upholding court's refusal to award punitive damages despite fact that punitive damages could legally have been awarded). An award of actual damages does not mandate the allowance of punitive damages. *Garcia v. Southwestern Bell Tel. Co.*, 216 Kan. 591, 533 P.2d 1242, 1243 (1975). The court also rejects the plaintiff's argument that a finding of willfulness is implicit in a case of retaliatory discharge. A willful act is an "act performed with a designed purpose or intent on the part of a person to do wrong or to cause an injury to another." *Folks v. Kansas Power & Light Co.*, 243 Kan. 57, 755 P.2d 1319, 1333 (1988). Retaliatory discharge, on the other hand, requires only proof of a causal connection between a plaintiff's work injury and his termination. *Huffman*, 883 F.Supp. at 1475. Mr. Sanjuan has not referred the court to evidence which would have required the jury to find that IBP acted willfully, and hence the court cannot conclude that the jury's failure to award punitive damages was against the weight of the evidence.

Mr. Sanjuan also takes issue with the verdict form presented to the jury. The verdict form contained the question: "Do you find that Guillermo Sanjuan is entitled to an award of punitive damages?" According to the plaintiff, the question on the verdict form informed the jury that the decision of whether to award punitive damages was an "optional decision without basis." The plaintiff maintains that the verdict form should have contained a question asking whether the defendant's conduct in terminating the plaintiff was willful, wanton, or malicious. Mr. Sanjuan states that he submitted a proposed verdict form containing the appropriate question.

The court first notes that contrary to the plaintiff's assertion, he did not submit a proposed verdict form. The court instructed the jury on punitive damages in accordance with PIK 9.44, which is based on Kan.Stat.Ann. § 60–3701(c). *See* Committee on Pattern Instructions, Kan. Judicial Council, *Pattern Instructions—Kansas [Civil]* (Supp.1995). The jury was instructed that if it found that IBP retaliatorily discharged Mr. Sanjuan, it should then determine whether the defendant acted in a willful, wanton, or malicious manner in deciding whether to allow punitive damages. The court also instructed the jury as to the definitions of "willful," "wanton," and "malice." The question on the jury form, when read with reference to the specific instructions on punitive damages, clearly informed the jury that the decision of whether to award punitive damages was not an "optional decision without basis."

**IT IS THEREFORE BY THE COURT ORDERED** that the defendant's Renewed Motion for Judgment (Doc. 60), the defendant's Motion for a New Trial (Doc. 62), and the plaintiff's Motion for Additur, Motion for Judgment as a Matter of Law or Motion for a New Trial (Doc. 64) are denied.