**Maudine SMITH, Plaintiff,**

v.

**Beth A. GRIFASI, Defendant.**

**No. 96–2108–RCN.**

United States District Court, D. Kansas.

April 11, 1997.

Eugene C. Riling, Michael E. Riling, Riling, Burkhead & Nitcher, Chtd., Lawrence, KS, for Maudine Smith.

Scott J. Bloch, Stevens & Brand, L.L.P., Lawrence, KS, Michael J. Maddox, William J. Skepnek, Lawrence, KS, for Beth A. Grifasi.

## MEMORANDUM AND ORDER

NEWMAN, United States Magistrate Judge.

Plaintiff initiated this personal injury action against defendant based on a motor vehicle collision on March 10, 1995. After a four-day trial, the jury returned a verdict finding in favor of plaintiff, attributing defendant with 54.5% of the fault and plaintiff with 45.5% of the fault, and awarding damages in the amount $10,416.09. The matter now comes before the court on plaintiffs motion for new trial or judgment notwithstanding the verdict (doc. 91).

Plaintiff has failed to comply with the Rules of Practice of the United States District Court for the District of Kansas. The motion of plaintiff is not accompanied by a supporting memorandum as required under D. Kan. Rule 7.1.

Plaintiff moves for judgment notwithstanding the verdict. Fed.R.Civ.P. 50(b) provides:

> If, for any reason, the court does not grant a motion for judgment as a matter of law made at the close of all the evidence, the court is considered to have submitted the action to the jury subject to the courts later deciding the legal questions raised by the motion. The movant may renew its request for judgment as a matter of law by filing a motion not later than 10 days after entry of judgment and may alternatively request a new trial or joint a motion for a new trial under Rule 59.

A party cannot move for judgment notwithstanding the verdict unless a motion for judgment as a matter of law was made by the party at the close of all the evidence. *Boyce v. Board of County Commissioners of Dickinson County,* 857 F.Supp. 794 (D.Kan.1994)(citing 9 Wright & Miller, *Federal Practice and Procedure* § 2537.) Plaintiff did not move for judgment as a matter of law at the close of the evidence, therefore, plaintiff is now precluded from moving for judgment notwithstanding the verdict.

In the alternative, plaintiff moves for a new trial. In support of her motion, plaintiff argues that (1) the verdict of the jury is contrary to the undisputed evidence, particularly regarding the stipulated economic losses to date; (2) the instructions of the court were erroneous; (3) the jury failed to allow future non-economic loss; and (4) the jury engaged in misconduct by considering worker's compensation benefits in arriving at their verdict.

Motions for new trial are committed to the sound discretion of the trial court. *McDonough Power Equip., Inc. v. Greenwood,* 464 U.S. 548, 556, 104 S.Ct. 845, 850, 78 L.Ed.2d 663 (1984); *Hinds v. General Motors Corp.,* 988 F.2d 1039, 1046 (10th Cir.1993). They are "not regarded with favor and should only be granted with great caution." *United States v. Kelley,* 929 F.2d 582, 586 (10th Cir.), *cert. denied,* 502 U.S. 926, 112 S.Ct. 341, 116 L.Ed.2d 280 (1991). A party seeking to set aside a jury verdict must demonstrate trial error which constitutes prejudicial error or that the verdict is not based on substantial evidence. *White v. Conoco, Inc.,* 710 F.2d 1442, 1443 (10th Cir.1983).

Because of the sanctity attached to jury verdicts, courts do not lightly overturn them. *Midwest Underground Storage, Inc. v. Porter,* 717 F.2d 493, 502 (10th Cir.1983). In determining whether a new trial is appropriate, the trial court does not sit merely as an additional juror. *de Perez v. Hospital del Maestro,* 910 F.2d 1004, 1006 (1st Cir.1990). It must have more than the belief that it would have reached a different verdict, the trial court must "'feel that the jury quite clearly reached a seriously erroneous result in spite of the clear weight of the evidence.'" *Leichihman v. Pickwick Intern.,* 814 F.2d 1263, 1267 (8th Cir.), *cert. denied,* 484 U.S. 855, 108 S.Ct. 161, 98 L.Ed.2d 116 (1987)(quoting *Leichihman v. Pickwick Intern.,* 589 F.Supp. 831, 834 (D.Minn.1984), *aff'd,* 814 F.2d 1263 (8th Cir.1987)).

*Harvey v. Yellow Freight System, Inc.,* 936 F.Supp. 790, 796 (D.Kan.1996).

Plaintiff argues that the verdict of the jury is contrary to the undisputed evidence with regard to the stipulated economic losses to date. The parties stipulation was as follows:

COMES NOW the above-referenced parties by and through their respective counsel and announce to the Court that they have agreed to the following stipulation of the Plaintiff's calculation of her loss of wage and benefit damages in this matter and agree the following figures shall be submitted to the jury for its consideration of said damages to wit:

1. Lost Wages totaling $14,493.26.

2. Health Insurance Benefits for nine months totaling $4,515.39.

3. Life Insurance Benefits, including vacation pay, sick leave totaling $569.75.

4. KPERS Benefits of $45.05 per month, beginning September 1996 through her lifetime.

The stipulation of the parties was to the plaintiff's calculation of her loss of wages and benefits from the date of the accident to the date she claimed she had intended to retire at age 65. There was no stipulation that plaintiff had been damaged in the amount claimed. The amount the jury awarded for economic loss was the approximate equivalent of plaintiff's claimed losses for the period of time she was off work recuperating from the injuries she sustained in the accident. While the plaintiff claimed she was required to retire prematurely due to injuries received in the accident, this issue was hotly contested. There was evidence in the record to support a finding that plaintiff left her employment, prior to her 65th birthday, for reasons unrelated to the accident. The testimony and records of Dr. Gilhousen reflected that, prior to the accident, plaintiff had discussed retiring before her 65th birthday. Plaintiff's husband testified that, after his retirement, he had expressed a desire for her to take an early retirement. There was testimony by several witnesses, including plaintiff, that she had numerous health problems prior to the accident. Plaintiff testified that the implementation of the "K–Tag" system also caused her to consider early retirement. There was ample evidence to support a finding by the jury that plaintiff's premature retirement was due to reasons unrelated to the accident.

Plaintiff argues that the jury failed to allow future non-economic losses. "The trier of fact, who has the first-hand opportunity to hear testimony and observe the demeanor of witnesses, is clothed with wide discretion in fixing damages." *Sanjuan v. IBP, Inc.,* 941 F.Supp. 1000 (D.Kan.1996)(citing *Bennett v. Longacre,* 774 F.2d 1024, 1028 (10th Cir. 1985)). The court will not increase a jury's award of damages unless it is so unreasonable "as to shock the judicial conscience and

to raise an irresistible inference that passion, prejudice, corruption, or other improper cause invaded the trial." *Bennett,* 774 F.2d at 1028. The injuries sustained by plaintiff as a result of the accident included abrasions and bruising on her left side and face, and spiral fractures of two bones in her right foot. The evidence presented was such that the jury could have reasonably concluded that plaintiff had recovered from these injuries and that damages for future pain and suffering were not warranted. The jury's decision not to award any damages for future non-economic losses is supported by substantial evidence.

■ Plaintiff argues that the instructions of the court were erroneous. However, plaintiff fails to identify any specific instructions. The court is unwilling to speculate as to which instructions plaintiff claims were erroneously given or whether the court failed to give requested instructions. The court finds the instructions given to have been appropriate to the law and evidence.

Plaintiff argues the jury engaged in misconduct by considering worker's compensation benefits in arriving at their verdict. There was no evidence presented in this case concerning worker's compensation benefits. Further, there is nothing in the record reflecting that the jury's verdict was based on consideration of worker's compensation benefits which plaintiff may have received. The verdict is supported by substantial evidence.

Plaintiffs motion for a new trial or judgment notwithstanding the verdict (doc. 91) is overruled.

IT IS SO ORDERED.