No. 76,459

BARBARA V. SOWERS AND JAMES W. SOWERS, *Appellants*, v. PETER
TSAMOLIAS AND TOULA TSAMOLIAS, *Appellees*.
(941 P.2d 949)

Opinion filed July 11, 1997.

*Patrick E. Henderson*, of Duncan-Senecal Law Offices, Chtd., of Atchison, argued the cause and was on the brief for appellants.

*John W. Fresh*, of Larry R. Mears, Chartered, of Atchison, argued the cause, and *Larry R. Mears*, of the same firm, was with him on the brief for appellees.

The opinion of the court was delivered by

SIX, J.: This case addresses the standing of natural grandparents to assert visitation rights under K.S.A. 38-129 after the minor child, who had been adjudicated a child in need of care, was adopted by foster parents. Barbara V. and James W. Sowers, parents of the natural mother, T., petitioned for grandparent visitation of A.E. following the termination of T.'s parental rights to A.E. and the adoption of A.E. by Peter and Toula Tsamolias. The Sowers are raising B.E., the sister of A.E. The district court granted the Tsamolias' motion to dismiss, and the Court of Appeals affirmed in *Sowers v. Tsamolias*, 23 Kan. App. 2d 270, 929 P.2d 188 (1996).

We granted the Sowers' petition for review under K.S.A. 20-3018(b) to resolve the conflict between this case and *In re Adoption of J.M.U.*, 16 Kan. App. 2d 164, 819 P.2d 1244, *rev. denied* 250 Kan. 805 (1991).

The issue is whether under K.S.A. 38-129, the Sowers have standing to seek grandparent visitation of A.E. We hold they do not. We affirm the Court of Appeals and the district court; however, we disapprove of *J.M.U.* and accordingly modify the Court of Appeals' opinion in this case.

### The Court of Appeals' Opinion

The Sowers argued before the Court of Appeals that under K.S.A. 38-129, they were entitled to seek visitation and, alternatively, that the Tsamoliases were equitably estopped from denying them visitation. The Court of Appeals found no merit to these arguments. The Sowers do not seek review of the equitable estoppel issue.

In affirming the district court, the Court of Appeals determined that under K.S.A. 59-2118: (1) the adoption of A.E. created a new legal status of parent and child for the adoptive parents and adopted child; (2) the child no longer remained the child of its natural parents; (3) the child has new parents and new grandparents as well; and (4) whether the natural grandparents can continue contact is left solely to the discretion of the adoptive parents. We agree. Because the Sowers' daughter, T., was a person whose parental rights had been terminated, the Sowers had no standing to seek visitation under K.S.A. 38-129. 23 Kan. App. 2d at 277. We acknowledge that a relationship could exist between the child and a biological grandparent at the time of the adoption. However, after A.E.'s adoption, A.E. was no longer the grandchild of the Sowers.

The Sowers contend that K.S.A. 38-129 extends visitation rights to grandparents, notwithstanding adoption, the only statutory criteria being that such visitation is in the child's best interests and that a "substantial relationship" exists between the child and the grandparents. The Sowers also argue that termination of parental rights does not terminate grandparents' rights. According to the Sowers, the Court of Appeals ignored the plain language of K.S.A.

38-129 and placed undue importance on legislative intent expressed in the minutes to the committee hearings preceding the amendments to K.S.A. 38-129. They further contend that the Court of Appeals' decision here conflicts with *J.M.U.* We agree there is a conflict.

We determine that the Court of Appeals' opinion reached the correct conclusion. We adopt the opinion, except as modified by our disapproval of *J.M.U.*

## *J.M.U.*

In *J.M.U.*, the paternal grandparent seeking visitation under K.S.A. 38-129 was the mother of the child's deceased father. *J.M.U.*'s language to the effect that death, divorce, or adoption were not mentioned as prerequisites to grandparent visitation rights was characterized as dicta by the Court of Appeals in this case. 23 Kan. App. 2d at 277. However, in *J.M.U.*, both parents of the child were deceased at the time the grandmother sought visitation. There was no surviving parent who had remarried, or new spouse of a surviving parent who had adopted the child. Thus, K.S.A. 38-129(b) did not apply. The language in K.S.A. 38-129(b) establishes that adoption of the child by the spouse of the surviving parent will not defeat the natural grandparents' visitation rights. However, that language leaves open the question of whether adoption by someone who is not the spouse of a surviving parent would defeat grandparents' visitation rights, when those grandparents are the parents of the deceased parent of the grandchild, as in *J.M.U.*

We inquire rhetorically, if the failure to mention death, divorce, or adoption as prerequisites in K.S.A. 38-129(a) means that standing to seek grandparent visitation was intended to be extended to natural grandparents, regardless of adoption, then what purpose does K.S.A. 39-129(b) serve?

Although *J.M.U.* is factually distinguishable, the *J.M.U.* majority did not rely entirely on K.S.A. 38-129(b) in rendering its decision. Under the reasoning of the *J.M.U.* majority, the Sowers would have standing to seek visitation here because in the *J.M.U.* majority view, adoption would not make K.S.A. 38-129 inapplicable. The *J.M.U.* majority's interpretation of K.S.A. 38-129 that adoption is no longer

material to the existence of standing to seek grandparent visitation rights is disapproved.

In his dissent in *J.M.U.*, Judge Rees relied on *Browning v. Tarwater*, 215 Kan. 501, 524 P.2d 1135 (1974), noting that it had never been overruled, modified, or distinguished by this court. "The fundamental holding in *Browning* was that 'adoption proceedings . . . override 38-129.'" 16 Kan. App. 2d at 171-72 (Rees, J. dissenting, quoting *Browning*). Judge Rees' reasoning was adopted by the Court of Appeals in this case.

Valid policy reasons may exist for extending natural grandparent visitation to include post-adoption situations, especially in view of the fact that A.E.'s sibling is living with his natural grandparents, the Sowers. However, such an extension would be judicial legislation. "The legislature is the forum to entertain sociological and policy considerations bearing on the well-being of children in our state." *In re Hood*, 252 Kan. 689, 694, 847 P.2d 1300 (1993). The 1984 amendment to 38-129 shows legislative intent to extend grandparents' visitation rights. However, we find no evidence in the legislative history that the legislature intended to change the *Browning* holding that adoption law has priority over natural grandparent visitation rights (except in the fact situation set forth in K.S.A. 38-129[b]).

The decision of the Court of Appeals is affirmed as modified. The judgment of the district court is affirmed. We disapprove *J.M.U.*'s interpretation of K.S.A. 38-129.