The Honorable Ron Thornburgh Secretary of State State Capitol, 2nd Floor 300 S.W. 10th Avenue Topeka, Kansas 66612-1594
Dear Secretary of State Thornburgh:
You request our opinion regarding whether the name of a candidate for the office of member of a board of education for a unified school district may be printed more than once on a ballot. It is our understanding that you raise this issue because an individual has indicated he intends to seek the office of member of a board of education as both a district member and as an at-large member.
In addressing the issue presented, it is helpful to review the analysis set forth in Attorney General Opinion No. 83-10. The issue addressed in the opinion was whether a person's name could be printed on the ballot as a candidate for both mayor and city council member for a city of the first class which was located in a county designated as an urban area. The issue was initially addressed by reviewing the provisions of K.S.A. 25-213 (Ensley 1983). The opinion noted that the provisions of K.S.A. 25-213
(Ensley 1983) were clearly applicable only to national, state, county, and township elections and "ha[d] no direct application to city elections."[1] The opinion then noted, however, that subsection (b) of K.S.A. 25-2113 (Ensley 1983) provided that "[e]lection laws of a general nature which are applicable to partisan elections" were applicable to the election at issue.[2] In determining whether K.S.A. 25-213 (Ensley 1983) was thereby made applicable to a city election, the opinion stated:
 "The question arises whether, by virtue of the foregoing, the previously-quoted provisions of K.S.A. 25-213 have been made applicable to elections in those cities specified in K.S.A. 25-2113(b). We think not. In our judgment, the `(e)lection laws of a general nature' which are made applicable to the elections in these cities are those general election laws pertaining to the manner of conducting elections, and do not include, for example, those election laws prescribing qualifications of candidates or imposing limitations on candidacies. The latter types, of course, have specific application to particular offices and, in our view, are not susceptible of application to other offices. Suffice it to state that the questioned provisions of K.S.A. 25-213 are very specific in limiting multiple candidacies of particular persons, and we do not believe they can be made generally applicable to other candidacies in the absence of a manifest legislative intent to do so. Accordingly, we find no basis for applying these provisions to the city elections contemplated by K.S.A. 25-2113(b)."[3]
The opinion next reviewed the effect of a provision included in K.S.A. 25-2116. The provision required that, "[o]n the ballots in general city elections, blank lines for the name of write-in candidates shall be printed at the end of the list of candidates for each different office equal to the number to be elected thereto."[4] The purpose stated in the statute for providing the blank lines was "to permit the voter to insert the name of any person not printed on the ballot for whom he desires to vote for such office."[5]
It was opined that the provision in K.S.A. 25-2116 should not be "construed as implicitly prohibiting the printing of a candidate's name more than once on a city ballot" because its clear and unambiguous purpose was to provide for write-in candidates at city general elections.[6] "A construction which would expand the scope of this provision beyond such purpose is unwarranted by the terms of the statute."[7] The opinion concluded that "in the absence of a constitutional or statutory provision to the contrary, a person has the right to seek nomination to or become a candidate for more than one city office to be filled in the same election."[8]
The analysis used to determine whether a person's name may appear on a school election ballot as a candidate for a district member position and an at-large member position will closely mirror the analysis set forth in Attorney General Opinion No. 83-10. The procedure for conducting school district elections is governed by the School Election Act.[9] Provisions within the Act establish the manner in which ballots for school elections are to be prepared.[10] The provisions, however, do not expressly address whether a candidate's name may be printed more than once on a school election ballot. As was the situation with the city election laws addressed in Attorney General Opinion No. 83-10, the School Election Act provides for the application of election laws beyond those expressly set forth in the Act to govern school elections:
 "(a) School elections shall be nonpartisan and laws applicable only to partisan elections shall not apply in such elections. All laws applicable to elections, the violation of which is a crime, shall be applicable to school elections.
 "(b) Except as is provided in (a) above, laws applicable to county and city elections shall apply to school elections to the extent the same are not in conflict with the provisions of this act. The provisions of this subsection (b) shall not apply to election notices."[11]
Similar provisions are set forth in K.S.A. 25-2601:
 "The provisions of this act shall apply to all national, state, county, township, city and school elections, both primary and general. Provisions of this act, which from their context are plainly applicable only to partisan election [sic] shall not apply to city and school elections, nor to question submitted elections, nor to any other election provided by law to be nonpartisan or which from the law providing therefor are clearly intended to be nonpartisan. . . ."[12]
Two statutes prohibit the name of a candidate from appearing more than once on a ballot. K.S.A. 1998 Supp. 25-213 sets forth the form and contents of the official primary election ballots for national, state, county, and township primary elections. The statute states in part:
 "Except as otherwise provided in this section, no person's name shall be printed more than once on either the official primary election ballot for national and state offices or the official primary election ballot for county and township offices."[13]
A similar prohibition applies to the official general election ballot:
 "Except as otherwise provided in this section, the name of each candidate shall be printed on the ballot only once and no name that is printed on the ballot shall be written elsewhere on the ballot."[14]
Rules of statutory construction are set forth in Board of CountyComm'rs of Ness County v. Bankoff Oil Co.[15]
 "The function of the court is to interpret the statutes, giving the statutes the effect intended by the legislature. As a general rule, statutes are construed to avoid unreasonable results. There is a presumption that the legislature does not intend to enact useless or meaningless legislation. A construction of a statute should be avoided which would render the application of a statute impracticable or inconvenient, or which would require the performance of a vain, idle, or futile thing, or attempt to require the performance of an impossible act. In construing statutes, the legislative intention is to be determined from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible. The court must give effect to the legislature's intent even though words, phrases or clauses at some place in the statute must be omitted or inserted. In order to ascertain the legislative intent, courts are not permitted to consider only a certain isolated part or parts of an act, but are required to consider and construe together all parts thereof in pari materia. . . ."[16]
The statutes must be interpreted in the context in which they were enacted and in light of the legislature's intent at that time.[17]
The School Election Act, the city election laws, and K.S.A.25-2601 were enacted during the same legislative session through separate legislative bills which made numerous changes to State election laws.[18] K.S.A. 25-2009, 25-2113, and 25-2601 have not been amended since their original enactment.[19] While the language in K.S.A. 25-2009 and 25-2601 is not the same language as that used in K.S.A. 25-2113, we believe the intent of the Legislature was the same. Through K.S.A. 25-2009 and 25-2601, the Legislature made applicable to school elections those election laws pertaining to the manner of conducting elections, rather than those election laws prescribing qualifications of candidates or imposing limitations on candidacies. Because K.S.A. 1998 Supp.25-213 and K.S.A. 25-613 have the effect of imposing limitations on candidacies, in our view those statutes are not applicable to school elections.
As was the situation in Attorney General Opinion No. 83-10, our analysis does not end with a determination that K.S.A. 1998 Supp.25-213 and K.S.A. 25-613 are not applicable to elections of members of boards of education. K.S.A. 25-2021 states in part:
 "(e) On the ballots in general school elections, blank lines for the name of write-in candidates shall be printed at the end of the list of candidates for each different office equal to the number to be elected thereto. The purpose of such blank lines shall be to permit the voter to insert the name of any person not printed on the ballot for whom such voter desires to vote for such office. No lines for write-in candidates shall appear on primary school election ballots."
Subsection (e) of K.S.A. 25-2021 was enacted during the same legislative session as K.S.A. 25-2116 and includes substantially the same language as K.S.A. 25-2116.[20] As previously noted, it was determined in Attorney General Opinion No. 83-10 that the language in K.S.A. 25-2116 should not be construed as implicitly prohibiting the printing of a candidate's name more than once on a city ballot. Given that the two statutes use the same language, we will follow the analysis set forth in Attorney General Opinion No. 83-10. K.S.A. 25-2021 should not be construed as prohibiting the printing of a candidate's name more than once on a school election ballot. Therefore, the name of a person may be printed on the school election ballot as a candidate for both an at-large member position and a district member position.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm
[1] Attorney General Opinion No. 83-10.
[2] Id.
[3] Id. (Emphasis added).
[4] K.S.A. 25-2116.
[5] Id.
[6] Attorney General Opinion No. 83-10.
[7] Id.
[8] Id.
[9] K.S.A. 25-2001 et seq.
[10] See K.S.A. 25-2014 (rotation of candidates' names); K.S.A. 25-2014a (voting instructions on ballots); K.S.A. 25-2015
(one question on a ballot); K.S.A. 25-2021 (blank lines for write-in votes).
[11] K.S.A. 25-2009 (emphasis added).
[12] K.S.A. 25-2601.
[13] K.S.A. 1998 Supp. 25-213.
[14] K.S.A. 25-613.
[15] 265 Kan. 525 (1998).
[16] Id. at 538 (internal quotation marks and citations omitted).
[17] State Bd. of Nursing v. Ruebke, 259 Kan. 599, Syl. ¶ 12 (1996); Sowers v. Tsamolias, 23 Kan. App. 2d 270, 273 (1996), rev. granted, aff'd as modified 262 Kan. 717 (1997).
[18] See L. 1968, Ch. 59, §§ 1 — 44; L. 1968, Ch. 274, §§ 1 — 49; L. 1968, Ch. 406, § 8.
[19] L. 1968, Ch. 59, § 28; L. 1968, Ch. 274, § 13; L. 1968, Ch. 406, § 8.
[20] L. 1968, Ch. 274, § 49.