The Honorable Peggy Long State Representative, 76th District HC-1, Box 58 Hamilton, Kansas 66853
Dear Representative Long:
As State Representative for the 76th District, you request our opinion regarding the time in which electors may circulate a petition seeking recall of a local officer.
Electors of Greenwood County have circulated a petition seeking recall of one of the Greenwood County Commissioners.[1] It is our understanding that the recall petition was filed with the Greenwood County Clerk and a date for the special election has been set for sometime in September. Electors of Greenwood County have indicated they intend to circulate a petition seeking recall of a second Greenwood County Commissioner.
Recall is a fundamental right reserved to the citizens of the State by the Kansas Constitution.[2]
 "Where a state constitutional provision provides for the recall of public officials, recall is viewed as a fundamental right which the people have reserved for themselves. When the power of recall is a fundamental right, statutes governing the exercise of the power are to be liberally construed in favor of the ability to exercise it, and any limitations on that power must be strictly construed."[3]
The procedure for recall is set forth in K.S.A. 25-4301 et seq. K.S.A. 25-4323 addresses the times during which a petition seeking the recall of a local officer may be circulated and filed.
 "(a) No petition for recall of a local officer may be filed during the first one hundred and twenty (120) days of the term of office of the local officer sought to be recalled or within less than one hundred and eighty (180) days of the termination of the term of office of the local officer sought to be recalled.
 "(b) Only one recall election may be held to recall a particular local officer in a single term of office, and no petition for a second recall election within a single term shall be approved or circulated.
 "(c) The number of local officers serving on the same governing body which may be subject to recall at the same time shall not exceed a majority of the members of the governing body minus one, and no petition for recall of a local officer serving on a governing body shall be approved if petitions for the recall of other local officers serving on the same governing body have been properly filed and elections thereon have not been held and the number of such other local officers equals a majority of the members of the governing body minus one."[4]
In addition, K.S.A. 25-4326 states that a petition seeking recall of a local officer is improperly filed if "(d) petitions for the recall of other local officers serving on the same governing body have been properly filed and elections thereon have not been held and the number of such local officers equals a majority of the members of the governing body minus one. . . ."
"[The] fundamental rule of statutory construction is that the intent of the Legislature, where it can be ascertained, governs the construction of a statute."[5] The Court "will not speculate as to the legislative intent of a plain and unambiguous statute."[6] Subsection (c) of K.S.A. 25-4323 states that no more than one less of a majority of a local governing body may be subject to recall at the same time. In the case of a governing body composed of three members, a majority is two. Therefore, the number of members serving on a three-member board who may be subject to recall at the same time is one.
For purposes of clarity, the remaining analysis is applied to a three-member board. Any application of the analysis to boards composed of more than three members should be adjusted accordingly.
In determining the time frame in which a petition seeking recall of a second member of a three-member governing body may be circulated and filed, it is necessary to determine at which time the first member is "subject to recall."
 "In construing statutes, the legislative intention is to be determined from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible. In order to ascertain the legislative intent, courts are not permitted to consider only a certain isolated part or parts of an act, but are required to consider and construe together all parts thereof in pari materia. Several provisions of an act, in pari materia, must be construed together with a view of reconciling and bringing them into workable harmony and giving effect to the entire act if it is reasonably possible to do so."[7]
The second half of the provision set forth in subsection (c) of K.S.A. 25-4323 indicates the time at which the Legislature deemed a local officer was subject to recall. That portion of the provision states that a petition seeking recall of a second member of a three-member governing body may not be approved "if petitions for the recall of other local officers serving on the same governing body have been properly filed and elections thereon have not been held. . . ."[8] The Legislature deemed that a local officer became subject to recall once a petition seeking recall of the officer was properly filed. Recall of a local officer "is proposed by filing a petition with the county election officer of the county in which all or the greater part of the population of the election district of the local officer is located. . . ."[9]
The county election officer is then obligated to determine the sufficiency of the petition.[10]
 "Within thirty (30) days of the date of filing, such county election officer shall review the petition and shall notify the recall committee and the local officer sought to be recalled whether the petition was properly or improperly filed. Such county election officer shall notify the recall committee that the petition was improperly filed if he or she determines that (a) there is an insufficient number of subscribing qualified registered electors, (b) the petition was filed within less than one hundred and eighty (180) days of the termination of the term of office of the local officer sought to be recalled, (c) the local officer sought to be recalled has been or is being subjected to another recall election during his or her current term of office, (d) petitions for the recall of other local officers serving on the same governing body have been properly filed and elections thereon have not been held and the number of such local officers equals a majority of the members of the governing body minus one or (e) the petition does not conform to any other requirement of this act."[11]
A local officer is subject to recall once a petition seeking his or her recall is properly filed. The petition is properly filed if it is filed with the appropriate county election officer and the county election officer has conducted the review required under K.S.A. 25-4326. Therefore, if a petition seeking recall of one member of a three-member governing body has been filed with the county election officer and the county election officer has determined the petition was properly filed, a petition seeking recall of a second member may not be approved until the recall election on the first member has been conducted.
While a petition seeking recall of a second member of a three-member governing body may not be approved until the recall election on the first member is conducted, the petition may still be circulated. As previously noted, recall is a fundamental right so statutes governing the exercise of the power are to be liberally construed in favor of the ability to exercise it, and any limitations on that power must be strictly construed. Subsection (c) of K.S.A. 25-4323 by its language precludesapproval of a petition seeking recall of a member serving on a three-member board during the time following the proper filing of a petition seeking recall of another of the members and prior to the holding of the special election in which the question of recalling the other member of the governing body is submitted to the electorate. The statute does not prohibit circulation of a petition seeking recall of a second member of a three-member governing body during such time. Therefore, a petition seeking recall of a second member of a three-member governing body may be circulated following the proper filing of a petition seeking recall of the first member. However, a petition seeking recall of the second member may not be approved until such time as the special election regarding recall of the first member has been held.
A petition is "approved" under K.S.A. 25-4323 once the contents of the petition are ratified by the county election officer. Exercising authority conferred upon it by Section 3 of Article 4
of the Kansas Constitution, the Legislature enacted K.S.A. 25-4301et seq.[12] As originally enacted, K.S.A. 25-4326 obligated the county election officer to determine the sufficiency of each petition seeking recall of a local officer.[13] There was no requirement that the petition be reviewed by the county or district attorney. In 1978, the Legislature added the provisions that restricted the number of members of a governing body who could be subject to recall at the same time.[14] While the statutes did not expressly require that the sufficiency of the grounds asserted in a petition be reviewed, it had been held that such function was a duty of the county election officer.[15]
As enacted in 1978, subsection (c) of K.S.A. 25-4323 and subsection (d) of K.S.A. 25-4326 prohibited the county election officer from approving a petition seeking recall of a second member of a three-member governing body if a petition seeking recall of another member of the governing body had been properly filed and the election thereon not yet held. The requirement that the county or district attorney review the sufficiency of the grounds was not included in the statutes until 1987.[16] "A statute must be interpreted in the context in which it was enacted and in light of the legislature's intent at that time."[17]
At the time the Legislature enacted the statutory provisions restricting the number of members of a local governing body who could be subject to recall at the same time, it was understood that the county election officer reviewed and approved the petition. Through the amendment in 1987, review of the sufficiency of the grounds set forth on a petition was transferred to the county or district attorney. The amendment, however, did not alter the understanding that the petition was approved only after it was reviewed by the county election officer pursuant to K.S.A. 25-4326. A petition proposing recall of a second member of a three-member governing body may be filed with the county election officer pursuant to K.S.A. 25-4318 and 25-4322, as amended, transmitted to the county or district attorney for review of the sufficiency of the grounds pursuant to K.S.A. 25-4322, as amended, and circulated among the electors of the district even though a petition seeking recall of another member of the board has been properly filed with the county election officer and the election thereon has not yet been conducted. The county election officer, however, may not "approve" the petition seeking recall of the second member until the recall election of the first member has been conducted. Sponsors who circulate a petition seeking recall of a local officer during the time following the proper filing of a petition seeking recall of a local officer and prior to the time at which the special election is held should be aware of the requirement in K.S.A. 25-4324, as amended by L. 1999, Ch. 105, § 10, that "[t]he necessary signatures . . . be secured within 90 days from the date that the recall committee receives notice that the county . . . attorney has determined that the grounds for recall as stated in the petition are sufficient. . . ."
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Attorney General of Kansas
CJS:JLM:RDS:jm
[1] See Attorney General Opinion No. 99-32.
[2] Eveleigh v. Conness, 261 Kan. 970, 977 (1997). See Kan. Const., Art. 4, § 3.
[3] Eveleigh, 261 Kan. at 977, quoting Unger v. Horn,240 Kan. 740, 741 (1987).
[4] K.S.A. 24-4323 (emphasis added).
[5] Bittel v. Farm Credit Services of Central Kansas,P.C.A., 265 Kan. 651, 655-56 (1998).
[6] Id. at 656.
[7] Citizens' Utility Ratepayer Board v. Kansas CorporationComm'n, 264 Kan. 363, 391-92 (1998) (internal citations and quotation marks omitted).
[8] K.S.A. 25-4323(c).
[9] K.S.A. 25-4318.
[10] K.S.A. 25-4326.
[11] Id.
[12] See L. 1976, Ch. 178.
[13] L. 1976, Ch. 178, § 26.
[14] L. 1978, Ch. 147, §§ 2, 6, codified at K.S.A. 25-4323(c) and 25-4326(d).
[15] Minutes, House Committee on Elections, (January 22, 1987); Minutes, House Committee on Elections (February 5, 1987);Minutes, Senate Committee on Elections, (January 28, 1987);Minutes, Senate Committee on Elections, (March 18, 1987).
[16] See L. 1987, Ch. 130, § 1, codified at K.S.A. 25-4302. During the 1999 legislative session, the statute was amended, deleting the requirement that the county or district attorney review the sufficiency of the grounds. See K.S.A. 25-4302, as amended by L. 1999, Ch. 105, § 8. The requirement now appears as subsection (b) of K.S.A. 25-4322, as amended by L. 1999, Ch. 105, § 9.
[17] State Bd. of Nursing v. Ruebke, 259 Kan. 599, 619
(1996); Sowers v. Tsamolias, 23 Kan. App. 2d 270, 273 (1997), aff'd as modified, 262 Kan. 717 (1997).