The Honorable Ron Thornburgh Secretary of State State Capitol, 2nd Floor 300 S.W. 10th Avenue Topeka, Kansas 66612-1594
Dear Secretary of State Thornburgh:
You request our opinion regarding adjustments which are to be made to the Federal census for the purpose of reapportioning the State senatorial and representative districts. Specifically, you ask whether data regarding the residence of students enrolled in proprietary schools and vocational-technical schools are to be obtained pursuant to K.S.A. 11-301 et seq. Your request involves reconsideration of Attorney General Opinion No. 89-119.
Section 1 of Article 10 of the Kansas Constitution states in part:
 "At its regular session in 1992, and at its regular session every ten years thereafter, the legislature shall by law reapportion the state senatorial districts and representative districts on the basis of the population of the state as established by the most recent census of population taken and published by the United States bureau of the census. Senatorial and representative districts shall be reapportioned upon the basis of the population of the state adjusted: (1) To exclude nonresident military personnel stationed within the state and nonresident students attending colleges and universities within the state; and (2) to include military personnel stationed within the state who are residents of the state and students attending colleges and universities within the state who are residents of the state in the district of their permanent residence."
Pursuant to K.S.A. 11-301, the Secretary of State is obligated to "obtain data to make adjustments to each federal decennial census such that there is compliance with subsection (a) of section 1 of article 10 of the constitution of Kansas." Data regarding the residence of students enrolled in every public or private university and college are collected through forms provided by the Secretary of State and distributed by the public and private universities and colleges in the State.[1]
In Attorney General Opinion No. 89-119, it was determined that proprietary schools and vocational-technical schools were not included within the definition of "college" or "university" set forth in K.S.A. 11-302. The conclusion was based in part on definitions of "proprietary school"[2] and "vocational-technical school"[3] provided in Chapter 72 of the Kansas Statutes Annotated at the time the opinion was issued. The definitions indicated that the goal of proprietary schools and vocational-technical schools was to provide training, and that such institutions lacked the educational diversity associated with colleges and universities. Proprietary schools and vocational-technical schools, therefore, were not required to obtain information regarding the residence of students enrolled in proprietary schools and vocational-technical schools. The definitions of "college" and "university" set forth in K.S.A.11-302 have remained unchanged. However, the statutes in Chapter 72 which contain the definitions of "proprietary school" and "vocational-technical school" have been amended since issuance of Attorney General Opinion No. 89-119.
Definitions used for determining the residence or nonresidence of students attending colleges and universities within the State are set forth in K.S.A. 11-302. The statute states in part:
 "(d) `Student' means a person enrolled in classes of a university or college for a minimum of nine credit hours, or a person seeking an academic degree.
. . . .
 "(f) `College' means a public or private postsecondary educational institution, including community colleges, which offers two year or four year educational programs.
 "(g) `University' means a public or private institution offering at least a baccalaureate degree."[4]
"[T]he fundamental rule of statutory interpretation is that the intent of the legislature, where it can be ascertained, governs the construction of the statute, and it is the function of the court to interpret a statute to give it the effect intended by the legislature."[5] "A statute must be interpreted in the context in which it was enacted and in light of the legislature's intent at that time."[6] Because the definitions provided in K.S.A. 11-302 have not been amended since their original enactment, the intent of the Legislature remains the same — to exclude from the definitions of "college" and "university" those institutions which do not possess the educational diversity and offer the educational programs associated with colleges and universities.
The role of various types of postsecondary institutions has been modified since issuance of Attorney General Opinion No. 89-119. The most recent change has been achieved through enactment of the Kansas Higher Education Coordination Act.[7] Under the Act, supervision of community colleges, technical colleges, area vocational schools, area vocational-technical schools, and proprietary schools was transferred from the State Board of Education to the State Board of Regents.[8] Given the change in the role of the various postsecondary institutions, it is necessary to review the role of each type of institution to determine whether the institution possesses the educational diversity and offers the educational programs associated with colleges and universities. If so, the institution would be included within the definition of "college" or "university" set forth in K.S.A. 11-302.
The definition of "proprietary school" has been amended once since issuance of Attorney General Opinion 89-119.
 "(a) `Proprietary school' or `school' means any business enterprise, whether operated for on a profit, or on a nonprofit not for profit basis, which:
 "(1) Maintains a place of business within the state of Kansas, or solicits business within the state of Kansas, and which;
 "(2) is not specifically exempted by the provisions of this act; and
 "(1) which (3) offers or maintains a course or courses of instruction or study; or (2) at which place of business such
a course or courses of instruction or study is available
through classroom instruction contact or by correspondence, or by both, to a person or persons for the purpose of training or preparing such person persons for a field of endeavor in a business, trade, technical, or industrial occupation, or for avocational or personal improvement,
except as hereinafter excluded."[9]
The amendment was not substantive regarding the function or role of a proprietary school. A proprietary school continues to be an institution focused on providing training rather than offering educational programs. Therefore, a proprietary school is not included in the definitions of "college" and "university" set forth in K.S.A. 11-302.
Statutes regarding the role of vocational and technical education, however, have undergone extensive amendment since issuance of Attorney General Opinion No. 89-119. In 1992, the Legislature enacted K.S.A. 71-1701 et seq. The legislation provided in part that "[a]ny area vocational school or area vocational-technical school may consolidate with and be made a part of any community college. . . ."[10]
Two years later, the focus of vocational education was changed from "vocational or technical training or retraining" to "organized educational programs offering a sequence of courses which are directly related to the preparation of individuals in paid or unpaid employment in current or emerging occupations requiring other than a baccalaureate or advanced degree."[11]
Vocational education was deemed to include technological education.[12] Under the legislation, "[a]n area vocational school or an area vocational-technical school may be converted to, established as, and officially designated a technical college. . . ."[13]
A technical college was granted the authority "to confer the associate of applied science degree upon students who successfully complete an associate of applied science degree program of the college and to award a certificate or diploma to students who successfully complete a vocational education program of the college."[14] In order to be awarded an associate of applied science degree, a person must satisfactorily complete a minimum of 60 semester credit hours.[15] At least four area vocational schools and area vocational-technical schools have been converted to technical colleges.[16]
Since issuance of Attorney General Opinion No. 89-119, vocational and technical education has evolved from focusing solely on training or retraining to providing organized educational programs. None of the institutions which provide vocational and technical education offer at least a baccalaureate degree and, therefore, none meet the definition of "university" in K.S.A.11-302. In order to be included within the definition of "college" set forth in K.S.A. 11-302, the institution must offer two year or four year educational programs. After reviewing the programs offered by area vocational schools and area vocational-technical schools, it appears such institutions continue to concentrate on providing training through educational programs which are completed in less than two years. An area vocational school or area vocational-technical school which does not offer two year educational programs is not included in the definition of "college" set forth in K.S.A. 11-302. A technical college, however, may offer an associate of applied science degree program which is a two year educational program. As a postsecondary educational institution which offers a two year educational program, a technical college is a "college" under K.S.A. 11-302. Thus, data regarding the residence of students of a technical college must be collected so the proper amendments to the census may be made.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm
[1] K.S.A. 11-303.
[2] See L. 1971, Ch. 228, § 1.
[3] See L. 1986, Ch. 267, § 3.
[4] K.S.A. 11-302.
[5] In re Appeal of University of Kansas School ofMedicine-Wichita Medical Practice Association, 266 Kan. 737, 749
(1999).
[6] State Bd. of Nursing v. Ruebke, 259 Kan. 599, 619
(1996); Sowers v. Tsamolias, 23 Kan. App. 2d 270, 273 (1997), aff'd as modified, 262 Kan. 717 (1997).
[7] L. 1999, Ch. 147.
[8] L. 1999, Ch. 147, §§ 20, 21, 22.
[9] L. 1998, Ch. 171, § 11, codified at K.S.A. 1998 Supp.72-4919, as amended by L. 1999, Ch. 147, § 121 (emphasis denotes new language).
[10] L. 1992, Ch. 248, § 1, codified at K.S.A. 71-1701. At the time Attorney General Opinion No. 89-119 was issued, subsection (b) of K.S.A. 72-4416 had placed a moratorium on the establishment and operation of an area vocational school as a department or division of a school district, community college, or State educational institution. The provision is still included in the statute. See K.S.A. 72-4416, as amended by L. 1999, Ch. 147, § 102.
[11] See L. 1994, Ch. 246, § 1, codified at K.S.A. 1998 Supp.72-4412, as amended by L. 1999, Ch. 147, § 101.
[12] Id.
[13] L. 1994, Ch. 246, § 2, codified at K.S.A. 1998 Supp.72-4468.
[14] L. 1994, Ch. 246, § 4, codified at K.S.A. 1998 Supp.72-4470.
[15] See K.A.R. 88-16-1a; 91-8-17.
[16] See K.S.A. 1998 Supp. 72-4472 (Wichita Area Technical College); 72-4473 (Flint Hills Technical College); 72-4474 (North Central Kansas Technical College); 72-4475 (Manhattan Area Technical College).