(656 P.2d 797)
No. 54,024

GLEN ARNOLD MCMECHAN, deceased, *Claimant and Appellee,* v. EVERLY ROOFING, HEATING AND AIR CONDITIONING, INC., *Respondent and Appellant,* and UNITED STATES FIDELITY AND GUARANTY COMPANY, *Insurance Carrier and Appellant.*

Opinion filed January 20, 1983.

*Dennis L. Horner,* of Horner, Duckers & Cornwell, of Kansas City, for the appellants.

*Gerald L. Cooley,* of Allen, Cooley & Allen, of Lawrence, for the appellee.

Before SPENCER, P.J., PARKS, J. and HARRY G. MILLER, District Judge Retired, assigned.

PARKS, J.: This is a workers' compensation claim brought on behalf of the deceased worker's sole dependent. The only issue on appeal concerns the amount of the benefits to be paid.

The decedent, Glen Arnold McMechan, died on November 10, 1979 from an accidental injury sustained on November 4, 1979, and arising out of and in the course of his employment with respondent. Christine Lynn McMechan, a minor, was wholly dependent upon him at the time of his death and was his only dependent. He had worked for respondent from the late 1960's until 1974 or 1975 on a full-time basis, as a roofer's helper and as a roofer. The seasonal nature of that work forced him to leave for a 12-month job driving a city trash truck. In 1978, he arranged with respondent to work part-time. He had no set schedule but would show up at the job site whenever he got off work at the city and that varied from 8:00 a.m. to 12:00 noon. He could come whenever he needed the extra money and his work hours were sporadic. Decedent was paid at a rate of $5.50 per hour. In 1979 he worked two days in March, four days in August and four days in November, for a total of 53 ¾ hours. All of the other employees worked a regular 40-hour week, weather permitting. On the date of the injury, he had worked seven hours at double time. The

previous day, he had worked six hours and the day before that, 6 ¼ hours.

The computation of compensation for the dependents of a worker whose death results from an on-the-job injury turns on the amount of his average gross weekly wage. K.S.A. 1978 Supp. 44-510b. The calculation of the average gross weekly wage of an hourly employee in turn depends according to K.S.A. 1978 Supp. 44-511(b)(4) upon whether the employee was full-time or part-time. The administrative law judge (ALJ) found that under the definitions of K.S.A. 1978 Supp. 44-511, decedent worker was a full-time hourly employee. The average gross weekly wage was calculated on the basis of this full-time status and claimant was awarded $148 per week. The director disagreed with the ALJ's construction of the statute and modified the award to reflect classification of decedent as a part-time hourly employee. The district court reversed the director and reinstated the award of $148 per week. The employer and its insurance carrier appeal.

K.S.A. 1978 Supp. 44-511(a)(4) and (5) define the terms part-time and full-time employee as follows:

"(4) The term 'part-time hourly employee' shall mean and include any employee paid on an hourly basis: (A) Who by custom and practice or under the verbal or written employment contract in force at the time of the accident is employed to work, agrees to work, or is expected to work on a regular basis less than forty (40) hours per week; and (B) who at the time of the accident is working in any type of trade or employment where there is no customary number of hours constituting an ordinary day in the character of the work involved or performed by the employee.

"(5) The term 'full-time hourly employee' shall mean and include only those employees paid on an hourly basis who are not part-time hourly employees, as defined in this section, and who are employed in any trade or employment where the customary number of hours constituting an ordinary working day is eight (8) or more hours per day or the number of hours constituting an ordinary working week is forty (40) or more hours per week, or those employees who are employed in any trade or employment where such employees are considered to be full-time employees by the industrial customs of such trade or employment, regardless of the number of hours worked per day or per week."

These two definitions are mutually exclusive so that if an employee is not part-time, he must be full-time. The district court reasoned that decedent was a part-time employee only if his job situation was described by either clause (A) or clause (B) of subsection (4), stating as follows:

"Looking first to simplification of the construction of the paragraph, it reads:

'part-time hourly employee' means and includes 'A' and 'B.' In other words, it includes 'A' and it includes 'B.' An employee does not have to meet both tests to be part-time. 'B' appears to be a codification of *Armstrong v. Manpower, Inc.*, 194 Kan. 753 (1965), whereas 'A' appears to be a general statement of what most people would consider part-time."

Although the two clauses of K.S.A. 1978 Supp. 44-511(*a*)(4) are separated by "and," we agree with the district court that A and B are separate or alternative definitions of part-time employee. The word "and" in a statute may be construed to mean "or" when it is necessary to carry out the legislative intent. *Rostocil v. United Oil & Gas Royalty Ass'n*, 177 Kan. 15, 23, 274 P.2d 761 (1954); *Vietti v. Fuel Co.*, 109 Kan. 179, 180, 197 Pac. 881 (1921).

The goal of workers' compensation is to restore earning power lost as a result of injury. *Anderson v. Kinsley Sand & Gravel, Inc.*, 221 Kan. 191, 194, 558 P.2d 146 (1976). Since earning power is dependent upon the conditions of the industry in which the injured worker was employed, compensation for a full-time hourly employee is based on an average figure reflecting industry standards. K.S.A. 44-511(*b*)(4). However, there are circumstances in which an average figure would not be appropriate and compensation depends upon actual hours worked. K.S.A. 44-511(*b*)(5). The definition of part-time employee found in K.S.A. 44-511(*a*)(4) serves to identify situations in which compensation should be based on the actual hours worked. Thus, if there is no industry standard (clause B) or if the circumstances of a particular worker's employment situation do not fit the 40-hour work week norm (clause A), the employee is deemed to be part-time and is compensated based on actual work history.

Prior to the comprehensive amendments to the workers' compensation laws effected in 1974, there was no distinction made between part-time and full-time workers. However, a differentiation was dictated between workers whose industry or particular job entailed a customary number of work hours in a day and those who had no such custom. When the injured worker had a customary work day, his compensation turned on the actual number of hours worked; otherwise, compensation was calculated from an averaged figure reflecting the industry standard. *Armstrong v. Manpower, Inc.*, 194 Kan. 753, Syl. ¶ 2, 401 P.2d 903 (1965).

The differentiation is now carried out in clause B of K.S.A. 44-511(*a*)(4) and there is no indication in the context of the

statute or the legislative history that the legislature intended the means of determining compensation to change with the addition of the labels part-time and full-time. Thus, to treat clauses A and B as conjunctive rather than disjunctive definitions would both effect a change in the determination of the average weekly wage and do violence to the logic of the statute. Therefore, we conclude that the district court correctly held that a worker is a part-time employee under the statute if either clause A or clause B is satisfied.

We must disagree, however, with the district court's holding that decedent was not a part-time employee under the definition set out in clause A. The provision describes one who "is employed to work, agrees to work, or is expected to work on a regular basis less than forty (40) hours per week." The district court concluded that because decedent observed no set pattern of work hours, he did not work "on a regular basis." However, the entire infinitive phrase "to work on a regular basis" is modified by the requirement that the work consist of fewer than 40 hours per week. Thus, if the clause is read in its entirety, the regularity demanded most logically applies to the number of hours worked rather than the need for a pattern. Decedent had agreed or was expected by his employer to regularly work less than 40 hours per week; in other words, he was expected not to regularly exceed 40 hours in one week. Therefore, under our interpretation of clause A, decedent was a part-time hourly employee.

Because we have held clause B to be an alternative definition of part-time employee, we need not consider the district court's holding that decedent did not fulfill its provisions. We conclude that the district court erred in holding decedent to have been a full-time employee. Judgment is reversed and the case remanded for reinstatement of the director's award.