No. 58,334

In the Matter of WILLIAM E. GLENN, SR., *Respondent.*

(712 P.2d 1278)

Opinion filed January 17, 1986.

*Robert E. Tilton,* of Tilton, Dillon, Beck & Crockett, of Topeka, appeared and argued for respondent.

*Roger N. Walter,* disciplinary counsel, appeared and argued for the disciplinary administrator.

This original action in discipline was filed by Arno Windscheffel, disciplinary administrator, against William E. Glenn, Sr., of Topeka, an attorney admitted to practice in the State of Kansas. A panel of the Board for Discipline of Attorneys conducted a hearing upon the allegations of the complaint and on June 28, 1985, filed its report, findings and recommendations with the Clerk of the Appellate Courts. As no exceptions to the report were filed by the respondent, the facts as found by the panel are not in dispute.

In July 1982, respondent was retained by one Keith E. Carl to pursue a claim against the State of Kansas for wrongful imprisonment. In September 1983 the Joint Committee on Special Claims of the Kansas Legislature recommended an award for Mr. Carl be submitted to the 1984 Legislature. While the claim was pending, Mr. Carl desired to purchase an automobile from Malone Motors, Inc., of Parsons. As Mr. Carl was without funds or employment, Malone Motors, Inc., retained respondent to protect its interests and to prepare an assignment of sufficient funds from the anticipated legislative award to pay for the automobile. Respondent prepared the assignment which was executed by Mr. Carl, who then received the desired automobile. Respondent was furnished with an executed copy of the assignment and thereafter an award by the legislature was approved. The award was received by respondent and, after a deduction of fees and expenses, the balance was paid directly to Mr. Carl and respondent failed to remit any funds to Malone Motors, Inc., as required by the assignment. Respondent had billed Malone Motors, Inc., for his services and had been paid, and an attorney-client relationship existed between respondent and Malone Motors, Inc., as well as between respondent and Mr. Carl. Respondent did not

personally benefit from the failure to disburse the appropriate funds to his client Malone Motors, Inc.; however, it suffered substantial monetary damage from such failure.

The panel of the Kansas Board for Discipline of Attorneys unanimously concluded:

"1. Respondent engaged in conduct that adversely reflects on his fitness to practice law in violation of DR 1-102(A)(6) [235 Kan. cxxxvii] in that Respondent failed to honor an assignment of funds which he knew, or should have known, had been made by Keith E. Carl to Malone Motors, Inc., and on which assignment Malone Motors, Inc., Respondent's client, relied.

"2. Respondent clearly believed that Keith E. Carl should not have purchased an automobile from Malone Motors, Inc. Respondent should have declined proffered employment by Malone Motors, Inc. to prepare an assignment, inasmuch as the exercise of his independent professional judgment in behalf of Malone Motors, Inc., was adversely affected, in violation of DR 5-105(A) [235 Kan. cxlvi].

"3. Respondent neglected a legal matter entrusted to him in violation of DR 6-101(A)(3) [235 Kan. cxlvii] in that he failed to disburse funds to Malone Motors, Inc., and its bank, pursuant to the Assignment of Funds prepared by him.

"4. Respondent damaged his client, Malone Motors, Inc., in failing to disburse funds pursuant to the Assignment of Funds prepared by him in violation of DR 7-101(A)(3) [235 Kan. cxlviii]."

The panel recommended that respondent be disciplined by public censure pursuant to Supreme Court Rule 203(a)(3) (235 Kan. cxxiv).

After carefully considering the record herein, a majority of the members of the court approved and adopted the report of the Board for Discipline of Attorneys. A minority of this Court would discipline the respondent by indefinite suspension.

IT IS THEREFORE CONSIDERED, ORDERED, ADJUDGED and DECREED that William E. Glenn, Sr., be and he is hereby disciplined by public censure, the costs of this action are assessed to respondent and this opinion shall be published in the official Kansas Reports.