(819 P.2d 135)

No. 66,153 ■

ANDREW GUEBARA, *Appellee*, v. GREEN-GLO TURF MAINTENANCE, INC., and FARMERS ALLIANCE MUTUAL INSURANCE COMPANY, *Appellants*.

—

Opinion filed August 16, 1991.

*Kelly Donley* and *Douglas C. Hobbs*, of McDonald, Tinker, Skaer, Quinn & Herrington, P.A., of Wichita, for appellants.

*Vincent L. Bogart*, of Klenda, Mitchell, Austerman & Zuercher, of Wichita, for appellee.

Before RULON, P.J., REES and BRAZIL, JJ.

*Per Curiam*: This is a workers compensation case. Respondent employer, Green-Glo Turf Maintenance, Inc., and its insurer, Farmers Alliance Mutual Insurance Company, appeal from the district court's award of benefits to claimant Andrew Guebara.

The benefits awarded were computed on the premise that Guebara was a full-time hourly employee (K.S.A. 1990 Supp. 44-511[a][5]). Appellants complain that the district court's implicit determination that Guebara was a full-time hourly employee was erroneous. Their position is that, on the facts and circumstances shown of record, none of which we need directly repeat, Guebara was a part-time hourly employee, not a full-time hourly employee.

As counsel confirmed to us at oral argument, the appellants do not raise sufficiency of the evidence as an issue on appeal. Rather, the single argument asserted is that the district court failed to correctly apply the statutory definitions of "part-time hourly employee" and "full-time hourly employee" in arriving at its determination that Guebara was a full-time hourly employee.

The controlling statutes are K.S.A. 1990 Supp. 44-511(a)(4) and K.S.A. 1990 Supp. 44-511(a)(5). The statutes set forth the defi-

nitions of "part-time hourly employee" and "full-time hourly employee," respectively.

In accord with *McMechan v. Everly Roofing, Heating & Air Conditioning, Inc.*, 8 Kan. App. 2d 349, 351, 656 P.2d 797, *rev. denied* 233 Kan. 1092 (1983), K.S.A. 1990 Supp. 44-511(a)(4) reads:

"The term 'part-time hourly employee' shall mean and include any employee paid on an hourly basis: (A) Who by custom and practice or under the verbal or written employment contract in force at the time of the accident is employed to work, agrees to work, or is expected to work on a regular basis less than 40 hours per week; [*or*] (B) who at the time of the accident is working in any type of trade or employment where there is no customary number of hours constituting an ordinary day in the character of the work involved or performed by the employee." (Emphasis added.)

K.S.A. 1990 Supp. 44-511(a)(5) reads:

"The term 'full-time hourly employee' shall mean and include only [A] those employees paid on an hourly basis *who are not part-time hourly employees*, as defined in this section, *and* who are employed in any trade or employment where the customary number of hours constituting an ordinary working week is 40 or more hours per week, *or* [B] those employees who are employed in any trade or employment where such employees are considered to be full-time employees by the industrial customs of such trade or employment, regardless of the number of hours worked per day or per week." (Emphasis added.)

Examination of the statutory text reveals that K.S.A. 1990 Supp. 44-511(a)(4) provides two alternative definitions of a part-time hourly employee. 8 Kan. App. 2d at 351. When speaking of those alternatives and the alternatives under K.S.A. 1990 Supp. 44-511(a)(5), we will roughly paraphrase the statutory language.

K.S.A. 1990 Supp. 44-511(a)(4) first defines a part-time hourly employee as an employee who by custom and practice or under his employment contract is expected to work on a regular basis less than 40 hours per week. This definition excludes an employee expected to regularly work 40 or more hours per week. See 8 Kan. App. 2d at 352.

K.S.A. 1990 Supp. 44-511(a)(4) alternatively defines a part-time hourly employee as an employee who is working in any type of trade or employment where there is no customary number of hours constituting an ordinary day in the character of the work involved or performed by the employee.

K.S.A. 1990 Supp. 44-511(a)(5) prescribes two alternative definitions of a full-time hourly employee. The first definition has two elements. It first defines a full-time hourly employee as an employee (1) who is not a part-time hourly employee, as defined by K.S.A. 1990 Supp. 44-511(a)(4), that is, the claimant does not come within either of the alternative K.S.A. 1990 Supp. 44-511(a)(4) definitions of a part-time hourly employee, *and* (2) who is employed in a trade or employment where the customary number of hours constituting an ordinary working week is 40 or more hours per week.

K.S.A. 1990 Supp. 44-511(a)(5) alternatively defines a full-time hourly employee as an employee who is employed in a trade or employment where employees such as the claimant are considered by industry custom to be full-time employees regardless of the number of hours worked per day or per week.

The alternative definitions of a part-time hourly employee, on one hand, and the alternative definitions of a full-time hourly employee, on the other, are mutually exclusive. 8 Kan. App. 2d at 350.

The sole exposition in the record before us of the district court's reasoning for its implicit determination that Guebara was a full-time hourly employee is to be found in this partial text of the district court's journal entry of judgment:

"[Guebara] was employed at $4.25 per hour to work 40 hours per week if weather permitted and sufficient work was available. It was not established that he was employed to regularly work less than 40 hours per week. That he worked less than 40 hours per week was due to the construction industry, a function of the weather and the availability of work on a particular job rather than as a provision of contract."

With the statutes as background, we read the district court's words to say this in essence:

1. Under Guebara's employment contract, it was expected he would regularly work 40 or more hours per week.

2. Under Guebara's employment contract, it was not expected he would regularly work less than 40 hours per week.

3. The fact that he actually worked less than 40 hours per week was not by reason of his employment contract.

We are persuaded that the district court's journal entry language reflects that the trial judge's reasoning for finding that

Guebara was a full-time hourly employee was that, on the evidence, Guebara did not meet the definition of a part-time hourly employee as expressed in the first alternative under K.S.A. 1990 Supp. 44-511(a)(4). Accordingly, it seems the district court determined Guebara was a full-time hourly employee because he was not a part-time hourly employee.

The reasoning we attribute to the district court is flawed.

Although Guebara may not have been a part-time hourly employee because he did not come within the first alternative definition stated in K.S.A. 1990 Supp. 44-511(a)(4), it remained that the district court could have found that he came within the second alternative definition in K.S.A. 1990 Supp. 44-511(a)(4). The district court neither determined that Guebara came within the second alternative definition of a part-time hourly employee nor that he did not. That nondetermination undermines a determination that Guebara was a full-time hourly employee under K.S.A. 1990 Supp. 44-511(a)(5).

A determination that a claimant was a full-time hourly employee under the first alternative definition stated in K.S.A. 1990 Supp. 44-511(a)(5) requires a predicate determination that the claimant was not a part-time hourly employee as defined by either K.S.A. 1990 Supp. 44-511(a)(4) alternative.

Although a determination may be made that a claimant is a full-time hourly employee under the second alternative definition provided by K.S.A. 1990 Supp. 44-511(a)(5) without finding the claimant was outside both K.S.A. 1990 Supp. 44-511(a)(4) definitions of a part-time hourly employee, it remains that it is required there be a showing that he was "employed in [a] trade or employment where [employees such as he] are considered to be full-time employees by the industrial customs of such trade or employment, regardless of the number of hours worked per day or per week." The record reflects no direct or implied finding that such a showing was made or relied upon by the court.

The appellants suggest that we determine Guebara was a part-time hourly employee. We decline the invitation. In our view, the question whether a claimant was a part-time hourly employee or a full-time hourly employee is a mixed question of law and fact which properly should be resolved by the factfinder. Our role is limited to resolution of the question whether the facts

established by sufficient competent evidence support the district court's conclusion.

While it may be that the result will be the same, we conclude that we must reverse and remand this case to the district court for its reconsideration and redetermination of Guebara's status as a full-time hourly employee or a part-time hourly employee in light of our observations herein. The benefits properly to be awarded will flow from that determination.

Reversed and remanded for further proceedings.