(929 P.2d 820)
No. 75,661

In the Matter of the Marriage of ROSS R. CRANSTON, *Appellant,* and CHRISTIE A. CRANSTON, *Appellee.*

Opinion filed January 10, 1997.

*Ronald S. Shalz,* of Colby, for appellant.

*Richard Blackwell,* of Salina, for appellee.

Before BRAZIL, C.J., PIERRON and ROYSE, JJ.

ROYSE, J.: This appeal arises out of a district court decision modifying child support. Ross R. Cranston argues the district court committed error by using one worksheet rather than two to compute his child support obligation.

Ross and Christie Cranston obtained a divorce in 1992. At that time, Christie received residential custody of all five of the parties' minor children. Ross was ordered to pay $1,750 per month in child support. That obligation was later reduced to $1,580 per month.

After the parties' oldest daughter began to reside with Ross, he filed a motion to modify the custody order and asked for a further reduction in child support. The district court granted Ross' motion. The district court modified Ross' child support obligation to $1,100 per month, using computations on one child support worksheet.

Ross argues the Kansas Child Support Guidelines require the district court to compute child support using two child support worksheets in a divided custody situation. We agree.

The Kansas Child Support Guidelines provide in relevant part:

"For Divided Custody, if each parent has residential custody of one or more children, *a worksheet should be prepared for each family unit* using the Child Support Schedule which corresponds with the total number of children of the parties living in each family unit. . . . *Upon completion of the two worksheets,* the lower Net Parental Child Support Obligation is subtracted from the higher

amount. The difference is the amount of child support the party having the higher obligation will pay to the party with the lower obligation." (Emphasis added.) 1996 Kan. Ct. R. Annot. 89-90.

See *In re Marriage of Hansen*, 18 Kan. App. 2d 712, 716, 858 P.2d 1240 (1993).

The district courts must follow the guidelines when determining child support. 1996 Kan. Ct. R. Annot. 84; *In re Marriage of Schletzbaum*, 15 Kan. App. 2d 504, Syl. ¶ 1, 809 P.2d 1251 (1991). Failure to do so is reversible error, absent findings by the district court justifying its deviation. *In re Marriage of Schwien*, 17 Kan. App. 2d 498, Syl. ¶ 5, 839 P.2d 541 (1992).

The district court erred because it failed to prepare two worksheets as required by the guidelines and did not provide any rationale for completing only one worksheet to determine Ross' support obligation.

Reversed and remanded for further proceedings.