(12 P.3d 905)
No. 84,778

In the Matter of the Marriage of TERESA LYNN HOFFMAN, *Appellee,* and DAVID ALLEN OLIPHANT, *Appellant.*

Opinion filed November 3, 2000.

*J. Steven Schweiker*, of Overland Park, for appellant.

*Tony Shapiro* and *Alvin D. Shapiro*, of Shapiro, Manson & Karbank, of Overland Park, for appellee.

Before PIERRON, P.J., BEIER, J., and C. FRED LORENTZ, District Judge, assigned.

BEIER, J.: Respondent-appellant David Allen Oliphant appeals the district court's imputation of income in determining his child support obligation. Specifically, he contends that the court should have imputed a smaller amount of income to him because his historical salaried job sometimes required him to work in excess of 40 hours a week. We affirm the district court's finding, but we refuse to grant attorney fees and costs sought by petitioner-appellee Teresa Lynn Hoffman.

An understanding of this second appeal in this divorce case requires a brief review of the issue and outcome in the first. In the first appeal, Oliphant sought review of the district court's finding of $38,000 of imputed income in determining his child support obligation. *In re Marriage of Hoffman*, No. 80,482, unpublished opinion filed September 24, 1999. The district court had found Oliphant was capable of making $30,000 a year, his earned salary in 1989. In addition, the court imputed $8,000 per year from Oliphant's computer pornography business. On appeal, this court reversed and remanded because there was no basis in the record for concluding Oliphant was capable of engaging in both occupational

pursuits simultaneously. We also held, however, that the district court's finding that Oliphant was capable of earning $30,000 a year was supported by evidence in the record and not an abuse of discretion.

At the hearing on remand, Oliphant testified that he had earned an annual salary of $30,000 while working in his last full-time job as a restaurant manager, but he was required to work 60 hours per week. Oliphant acknowledged that he knew when he accepted the salaried position that the work week probably would exceed 40 hours. Nevertheless, Oliphant's attorney argued that the district court could not impute income for more than 40 hours of work per week under the Kansas Child Support Guidelines (Guidelines).

In general, a district court order determining the amount of child support will not be disturbed on appeal absent an abuse of discretion. See *In re Marriage of Scott,* 263 Kan. 638, 645, 952 P.2d 1318 (1998). Judicial discretion is abused only when no reasonable person would take the view adopted by the trial court. See *State v. Williams,* 268 Kan. 1, 8, 988 P.2d 722 (1999). However, the interpretation of the Guidelines is a question of law subject to unlimited review. *In re Marriage of Johnson,* 24 Kan. App. 2d 631, 636, 950 P.2d 267 (1997), *rev. denied* 264 Kan. 821 (1998). This appeal first requires us to interpret those Guidelines.

The relevant sections of the Guidelines provide:

"1.  Income may be imputed to the noncustodial parent in appropriate circumstances including the following:
 "a.  Absent substantial justification, it should be assumed that a parent is able to earn at least the federal minimum wage and to work 40 hours per week.
 "b.  When a parent is deliberately unemployed, although capable of working full time, employment potential and probable earnings may be based on the parent's recent work history, occupational skills, and the prevailing job opportunities in the community." Kansas Child Support Guidelines, Supreme Court Administrative Order No. 128 §§ II.E.1.a, II.E.1.b (1999 Kan. Ct. R. Annot. 91).

No previous Kansas cases have ruled on whether Section II.E.1.a prohibits a district court from imputing income at a historical salary that required more than 40 hours of work per week. Oliphant attempts to rely primarily on *In re Marriage of Soden,* 251 Kan. 225,

834 P.2d 358 (1992), *cert. denied* 506 U.S. 1001 (1992), to argue that imputing income at such a level is improper. But *Soden*, which dealt with a parent who was working two jobs for a total of 72 hours per week and who, after his divorce, elected to reduce his work week and moved for a reduction in the child support amount, is plainly distinguishable. Unlike Soden, Oliphant has been a college student for several years and is not working at all. The district court needed to impute income based on his earnings in 1989, his last full-time employment, to calculate his child support obligations.

The Kansas Supreme Court provides the following guidance for this court when interpreting the Guidelines:

"It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained. [Citation omitted.] The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. [Citation omitted.] Stated another way, when a statute is plain and unambiguous, the appellate courts will not speculate as to the legislative intent behind it and will not read such a statute so as to add something not readily found in the statute." *In re Marriage of Killman*, 264 Kan. 33, 42-43, 955 P.2d 1228 (1998).

Oliphant's suggested interpretation of Section II.E.1.a would read legislative intent into the statute that is neither readily apparent nor particularly sensible. Under his interpretation, any party who earns a salary rather than hourly pay would be able to adjust his or her income and child support as workload fluctuated. We are confident the legislature did not intend for child support obligations to be subject to such a volatility.

The more practical and obvious interpretation of the Guidelines section is that the 40-hours passage is intended to assist judges who must impute income with no historical earnings or other factors listed in Section II.E.1.b to guide them. In such cases, the Guidelines tell the deciding judge, the product obtained when the federal minimum wage is multiplied by 40 is the floor under which imputed income cannot descend.

The 40-hours passage simply has no applicability to a parent who has had a recent full-time salaried position at which he or she was

sometimes required to work in excess of 40 hours per week. For that parent, the district court can impute income at the earlier salaried level, as long as that level does not run afoul of factors such as "employment potential . . . , occupational skills, and the prevailing job opportunities in the community." Section II.E.1.b. Because the record reveals no countervailing factor to Oliphant's historical salary, we see ample evidence in the record and no abuse of discretion in the district court's decision to impute a $30,000 annual income for the purpose of calculating Oliphant's child support obligation.

For her part, Hoffman argues that this was a frivolous appeal made for purposes of harassment and delay, and she asks for appellate costs and attorney fees pursuant to Supreme Court Rule 7.07(c) (1999 Kan. Ct. R. Annot. 50.) We deny this motion because the appeal raised a legitimate—and previously unsettled—question of statutory interpretation.

Affirmed; Hoffman's motion for appellate costs and attorney fees is denied.