(69 P.3d 633)
No. 89,317

In the Matter of the Marriage of KONYA D. WAGNER, f/k/a KONYA
D. GURTNER, *Appellant,* and SCOTT E. GURTNER, *Appellee.*

Opinion filed May 23, 2003.

*John M. Lindner* and *J. Scott Koksal,* of Lindner & Marquez, of Garden City, for appellant.

*Glenn I. Kerbs,* of Dodge City, for appellee.

Before KNUDSON, P.J., MARQUARDT, J., and PADDOCK, S.J.

MARQUARDT, J.: Konya D. Wagner, formerly known as Konya D. Gurtner, appeals the trial court's modification of child support for her three children. We affirm in part, reverse in part, and remand with directions.

Scott E. Gurtner and Konya were married in 1983. They have three minor children: Kasye, Kasandra, and Kaisha. Konya filed for divorce in February 1991, and the divorce decree was entered in June 1991. Scott and Konya had gone through several changes in custody and child support until April 2002, when Konya filed a motion to establish child support, which is the subject of this appeal. Konya and Scott submitted domestic relations affidavits and child support worksheets. The trial court heard oral arguments during a brief evidentiary hearing. After considering all of the evidence, the trial court set Scott's child support obligation at $144

per month. Konya timely appeals various aspects of the trial court's decision to this court.

In April 2002, Konya had primary residential custody of Kasye. Residential custody of the younger children alternated between Konya and Scott on a monthly basis. At the hearing, Konya argued that the trial court should treat their arrangement as a divided custody situation. Konya wanted the trial court to use a one-child schedule for Kasye and a two-child schedule for the other children. The trial court ruled that Konya and Scott's arrangement was shared custody. The trial court used a three-child schedule to determine Scott's child support.

On appeal, Konya argues that divided custody is the appropriate consideration for their situation. Konya does not believe that a three-child schedule is appropriate.

Interpretation of the Kansas Child Support Guidelines (Guidelines) is a question of law over which the appellate court has unlimited review. *In re Marriage of Hoffman*, 28 Kan. App. 2d 156, 158, 12 P.3d 905, *rev. denied* 270 Kan. 898 (2000).

The Guidelines define "shared custody" as

"the regular sharing of residential custody on an equal or nearly equal basis. To qualify for shared custody treatment, two components must exist. First, the blocks of time must be regular and equal or nearly equal rather than equal based on a noncustodial extended visitation basis (*i.e.,* summer visitation, holidays, etc.). Second, the parties must be sharing direct expenses of the child on an equal or nearly equal basis. Direct expenses include but are not limited to clothing and education expense but do not include food, transportation, housing or utilities." Administrative Order No. 128, § II.M (2002 Kan. Ct. R. Annot. 101).

Divided custody is

"when parents have two or more children and each parent has residential custody of one or more of the children." Administrative Order No. 128, § II.N (2002 Kan. Ct. Rule Annot. 101).

The Guidelines establish how the child support worksheet should be completed in cases of divided custody.

"For Divided Custody, if each parent has residential custody of one or more children, a worksheet should be prepared for each family unit using the Child Support Schedule which corresponds with the total number of children of the parties living in each family unit. If the parties' children are covered by the same

health insurance policy, the cost should be prorated based upon the number of children in each family unit. Upon completion of the two worksheets, the lower Net Parental Child Support Obligation is subtracted from the higher amount. The difference is the amount of child support the party having the higher obligation will pay to the party with the lower obligation." Administrative Order No. 128, § IV.E (2002 Kan. Ct. R. Annot. 103).

In *In re Marriage of Cranston*, 23 Kan. App. 2d 350, 929 P.2d 820 (1997), the mother had received primary residential custody of all five of the couple's children. However, after a period of time the oldest daughter took up residency with her father. Father filed a motion for modification of child support. The trial court modified his child support obligation, using only one child support worksheet. Father appealed, claiming that the Guidelines required the use of two child support worksheets in a divided custody situation. 23 Kan. App. 2d at 350.

*Cranston* does not discuss whether the parties' situation fell within the definition of divided custody; it was simply assumed that the arrangement between the parents constituted divided custody. The panel concluded that the trial court erred by failing to prepare two child support worksheets; one for each family unit. 23 Kan. App. 2d at 351.

We believe the holding in *Cranston* is persuasive. Konya has sole residential custody of Kasye. Scott's visitations with Kasye must be agreeable to Kasye. Under this situation, it is difficult to imagine that Scott is providing much towards the daily costs for Kasye. Under the guidelines, Konya and Kasye should have been treated as a separate family unit.

Scott's two worksheets correctly reflected divided custody; however, the trial court erred in using the three-child schedule for computing Scott's child support. This case is remanded for a recalculation of Scott's child support obligation. Upon remand, the trial court should use a one-child worksheet and a one-child schedule for Kasye, and a two-child worksheet and a two-child schedule for the other two children.

Konya's primary employment is with the emergency room department at St. Catherine's Hospital. However, in 2001, Konya took a second job with Meade District Hospital. Konya indicated

that she needed additional funds to support her children. At the hearing, Konya argued that the income from her second job should not be factored into her total income when considering child support. The trial court included her supplemental income when it calculated her child support award.

On appeal, Konya argues that the Guidelines require the trial court to consider the overall financial situation of the parties when calculating the child support award. Konya maintains that she took the second job only to provide the essentials to her children during a rough period of her life.

The Guidelines define gross income as "income from all sources." Administrative Order No. 128, § II.D (2002 Kan. Ct. R. Annot. 98). Gross income includes income from overtime and second jobs, at least when the overtime or second job has been historically relied on by the family. See Harris, Child Custody in 1 Practitioner's Guide to Kansas Family Law at 5-7 (Leben ed. 2002).

Konya testified that she never had a part-time job while she and Scott were married. Konya's income from all sources was $47,892. The income from her primary job was $41,700.

Konya's domestic relations affidavit lists no expenses, and it appears that Konya had no financial obligations. Konya's failure to state any monthly expenses leads us to believe that the trial court correctly factored the extra income into Konya's child support worksheet. The trial court did not err by considering the income from Konya's second job.

In November 2001, Scott and Konya were negotiating a child support agreement wherein the payment would begin on December 1, 2001. However, they were unable to reach an agreement. In April 2002, Konya filed a motion for child support which was heard on June 6, 2002. The trial court ordered that Scott's new child support amount would begin on April 1, 2002.

On appeal, Konya argues that the trial court arbitrarily picked a date and that the trial court was bound by the parties' prior agreement to begin the support on December 1, 2001. She believes that the trial court's choice of date was an abuse of discretion.

A trial court's order determining the amount of child support will not be disturbed on appeal absent an abuse of discretion. *In re Marriage of Scott*, 263 Kan. 638, 645, 952 P.2d 1318 (1998).

Scott and Konya had not reached an agreement during their negotiations, which meant that the December date did not apply. We do not believe that the trial court abused its discretion when it ruled that the new child support payment would begin on April 1, 2002.

The trial court's decision is affirmed in part and reversed in part. The case is remanded to the trial court for a recalculation of Scott's child support obligation. Upon remand, the trial court should use a one-child worksheet and a one-child schedule for Kasye, and a two-child worksheet and a two-child schedule for the other two children.

Affirmed in part, reversed in part, and remanded with directions.