Richard Boeckman
Barton County Counselor/Administrator
1400 Main, Room 107
Great Bend, Kansas 67530
Dear Mr. Boeckman:
As Barton County Counselor and Administrator, you request our opinion on the meaning of the phrase "full time," as used in K.S.A. 2005 Supp.19-430. The County is considering its options relative to hiring a county appraiser, and is exploring the possibility of sharing a county appraiser with another county or counties. However, because K.S.A. 2005 Supp. 19-430 requires that county appraisers in counties with a population of more than 25,000 "devote full time to the duties of such office," you ask for our opinion on whether the term "full time," as used in K.S.A. 2005 Supp. 19-430, requires exclusivity (meaning that the appraiser in question may only work for one county), or rather that the appraiser work sufficient hours to perform the required appraisal duties.([1]) Your letter notes that Barton County has adopted an employee handbook that appears to say that a county appraiser would be considered a full-time employee if the appraiser worked enough hours to insure that the duties of that office were fulfilled.
K.S.A. 2005 Supp. 19-430 authorizes appointment of county appraisers and reads in pertinent part:
"[T]he board of county commissioners of each county shall by resolution appoint a county appraiser for such county who shall serve for a term of four years and until a successor is appointed. County appraisers appointed in counties having a population of more than 25,000 shall devote full time to the duties of such office but county appraisers appointed in counties having a population of 25,000 or less may be appointed either as a full-time or part-time county appraiser. . . ."
([2]) However, another statute in the same chapter, K.S.A. 19-428, empowers counties to join together to form "appraisal districts," hiring a single person to act as appraiser for all counties in the district:
"The board of county commissioners of any county is authorized to unite with the board of another county or counties to form an appraisal district and employ an appraiser for such district. . . . In the absence of specific agreement in such joint resolution on any matters the respective county boards entering into such agreement shall act jointly as a district board in such matters and shall be governed by the provisions of this act relating to county appraisers appointed for one county."
([3])While there are statutes setting forth what a county or districtappraiser is allowed and required to do in carrying outduties,([4]) none of these laws provides a definition or discussion onthe meaning of "full time" or "part-time," nor do they establish aminimum or maximum time-frame for fulfilling such duties. There is nostatute that specifically addresses whether counties with a populationof 25,000 or more may utilize the provisions of K.S.A. 19-428 eventhough K.S.A. 2005 Supp. 19-430 requires such appraisers to work for acounty "full time."
 When a statute is plain and unambiguous, the appellate courts will notspeculate as to the legislative intent behind it and will not read sucha statute so as to add something not readily found in thestatute.([5]) The intent of the Legislature is to first be derivedfrom words used in the statute.([6]) The Legislature is presumed tounderstand the meaning of the words it uses and procedures itestablishes.([7]) However, if a statute is ambiguous, a court is todetermine legislative intent and give effect to that intent.([8])
Because "full time" is not defined in K.S.A. 2005 Supp. 19-430 or theAct of which it is a part, we must look outside it for assistance indetermining its intended meaning; we must employ statutory constructionrules in order to determine the intent of the Legislature when enactingthis part of K.S.A. 2005 Supp. 19-430. These rules include the conceptof in pari materia which requires that statutes concerning the samematters and in the same act be construed in harmony wheneverpossible.([9]) In construing statutes together, legislative intent isto be determined from a general consideration of the entire act. Effectmust be given, if possible, to the entire act and every part thereof; tothis end, it is the court's duty, as far as practicable, to reconciledifferent provisions so as to make them consistent, harmonious, andsensible.([10]) If a general and specific statute both apply to agiven situation, they should be read together and harmonized whenpossible.([11]) In determining the legislative intent behind statutes,courts are not limited merely to consideration of language used instatute, but may look to historical background of the enactment,circumstances attending its passage, the purpose to be accomplished, andthe effect the statute may have under various constructions suggested;the entire act must be given consideration.([12])
Different statutory enactments provide different standards by which tojudge whether an employee is employed full or part-time. For example,K.S.A. 2005 Supp. 44-511(a)(5) provides the rules for determining if anindividual is a full-time employee for workers compensationpurposes.([13]) Case law from other states likewise provides someguidance.([14])
Kansas case law and Attorney General Opinions have examined whetherindividuals were engaged in full or part-time activities.([15])In Attorney General Opinion No. 96-23, Attorney General Stephan examinedthe question of whether a county appraiser working in a county that bystatute was required to have a full-time appraiser could lawfully ownand operate a private appraisal business in the same county. Inconcluding that K.S.A. 19-430 did not preclude such a situation, it wasnoted that "[there] is no provision in chapter 19, article 4 of theKansas Statutes Annotated that specifically prohibits a county appraiserfrom having an interest in a private appraisal company doing business inthe county that employs him or her. . . [whether] or not holding such aninterest precludes the appraiser from devoting full time to the officeof county appraiser in those situations where such is required is aquestion of fact to be determined on a case by case basis."([16])Attorney General Opinion No. 77-306, which is cited in Attorney GeneralOpinion No. 96-23, examined the phrase "full time" in connection withassistant district attorneys and stated in pertinent part: "`full time'does not appear to create confusion or ambiguity, and can be reasonablyconstrued in general terms to mean that an assistant district attorneymust devote to those hours normally identified by the district attorneyas necessary to satisfy the duties and responsibilities of his officehis undivided professional attention."
 In general, the authorities discussed above evidence a rule that doesnot specifically require exclusivity of employment in order to beconsidered devoting "full time" to the office. Rather, "full time"appears to generally mean a devotion of the time needed to complete allnecessary duties associated with a particular job. "Part-time," bycontrast, is anything less than full time and generally denotes spendingless than the normal or necessary time needed to complete essentialtasks.([17])
K.S.A. 2005 Supp. 19-430 clearly makes a distinction between full andpart-time appraisers. We may therefore presume that different rulesapply to the two categories of counties and that there is a differencebetween full and part-time appraisers. However, we find nothing inK.S.A. 19-428 or case law that prohibits larger counties from appointingdistrict appraisers. To the contrary, K.S.A. 19-428 says any county mayuse this authority. Thus, reading the two statutes in harmony appears toimply that the "full time" criteria in K.S.A. 2005 Supp. 19-430 does notequate to exclusivity.
 K.S.A. 2005 Supp. 19-430 was first adopted in 1974 and last amended in1997. K.S.A. 19-428 was first adopted in 1968 and last amended in 1974.Thus, of the two, K.S.A. 19-428 is the older statute and was lastamended the same year that K.S.A. 2005 Supp. 19-430 was first adopted.Moreover, the language in K.S.A. 19-430 concerning full-time employmenthas existed since its inception. Thus, we may logically presume that theLegislature was cognizant of the provisions of K.S.A. 19-428 when itadopted K.S.A. 19-430. Nothing in K.S.A. 2005 Supp. 19-430 specificallysays that counties with a population of 25,000 or more([18]) may notutilize the authority set forth in K.S.A. 19-428.
 Thus, in accordance with statutory construction rules discussedherein, we believe that the two statutes, when read together, evidencean intent that counties with the larger population hire appraisers towork full time in the same sense as expressed in Attorney GeneralOpinion No. 96-23; the exclusivity or the exact amount of time spentworking on behalf of the county or exclusivity of employment is not thekey. Rather, the appraiser for a county with a population over 25,000,whether working only for that county or as a district appraiserappointed under the terms of K.S.A. 19-428, must devote to the task thatattention and those hours normally identified by the county as necessaryto satisfy all the duties and responsibilities of the office. Whetherthat requires exclusivity of employment must be determined on acase-by-case basis.
 In summary, K.S.A. 2005 Supp. 19-430 requires that county appraisersfor counties having a population of 25,000 or more devote full time tosuch work. However, K.S.A. 19-428 allows any county to join with othersin order to jointly hire a district appraiser. K.S.A. 19-428 does notprohibit counties with populations of more than 25,000 from hiring adistrict appraiser. Reading the two statutes in pari materia, it is ouropinion that the "full time" criteria in K.S.A. 2005 Supp. 19-430 doesnot per se require exclusivity as to one county if the county hires anappraiser pursuant to K.S.A. 19-428. The phrase "full time" as used inK.S.A. 2005 Supp. 19-430 means that the county appraiser must devote thehours normally identified by the county or counties hiring theappraiser, as deemed necessary to satisfy all the duties andresponsibilities of that office.
 Sincerely,
PAUL MORRISON
 Attorney General
 Theresa Marcel Bush
 Assistant Attorney General
 PM: JLM: TMB: jm
[1] You indicate that Barton County has a population of approximately28,000.
[2] Pursuant to K.S.A. 2005 19-101a(a)(14), counties may not exemptfrom or effect changes in K.S.A. 2005 Supp. 19-430, and amendmentsthereto. See also Board of County Comm'rs of Trego County v. Division ofProperty Valuation, 261 Kan. 927, 935 (1997) (in setting forth standardsto be met by county appraisers, a county may not impose any requirementin addition to those contained in K.S.A. 2005 Supp. 19-430).
[3] Emphasis added.
[4] K.S.A. 79-1412a and 19-425 set forth the duties and powers of acounty appraiser or district appraiser. K.S.A. 58-103 et seq.establish the standards that all appraisers must follow.
[5] In re Marriage of Hoffman, 28 Kan. App.2d 156, 159(2000).
[6] Davis v. City of Leawood, 257 Kan 512, 517 (1995).
[7] Id.
[8] Link, Inc. v. City of Hays, 266 Kan. 648, 653 (1999).
[9] McCraw v. City of Merriam, 271 Kan. 912 (2001) (in construingstatutes and determining legislative intent, several provisions of anact in pari materia must be construed together with a view ofreconciling and bringing them into workable harmony ifpossible).
[10] Sowers v. Tsamolias, 23 Kan. App.2d 270, 273 (1996), aff'd asmodified, 262 Kan. 717 (1997).
[11] Kansas Pipeline Partnership v. State Corp. Com'n of State ofKan., 22 Kan.App.2d 410, Syl. 7 (1996).
[12] Board of County Comm'rs of Leavenworth v. Whitson, 281 Kan. 678,Syl. 5 (2006).
[13] See also Beck v. MCI Business Services, Inc., 32 Kan.App.2d 201(2003).
[14] See, e.g., Johnson v. Stoughton Wagon Co, 95 N.W. 394 (Wis. 1903)(provision in a contract of employment by which an employee was to givehis "full time to the company's service" did not require twenty fourhour a day, seven days a week, devotion; on the other hand, itundoubtably called for some degree of exclusivity in order to devotesubstantial attention to the work agreed to in the contract);Burke v. Blue Cross Blue Shield of Nebraska, 558 N.W. 2d 577 (Neb. 1997)("full time employment" within context of policy referred to beingavailable for full employment, not receiving full time pay; it does notmean having a hand on the helm at all times throughout the entirevoyage, but rather means standing by to take over when exigencies ofpassage require application of one's skill); Bloomsburg University ofPennsylvania of the State System of Higher Education v. UnemploymentCompensation Bd. or Review, 692 A.2d 586 (Penn. 1997) (one does notfocus upon the number of hours worked, but upon individual circumstancesof employment to determine "full-time work").
[15] See e.g. Application of Stormont, 238 Kan. 626 (1986) (whetherlawyer from another jurisdiction was engaged in the practice of law fulltime, for purposes of determining if he could be admitted into Kansaswithout taking a written exam); Attorney General Opinion No. 84-62(university police officers employed for 1,000 or more hours per yearqualified as full-time employees for purposes of the act dealing withtraining requirements).
[16] This opinion went on to discuss situations that should be avoidedbecause of conflict of interest. See also Attorney General Opinion No.86-2 for a discussion on the duties of a county appraiser.
[17] See Weight Watchers of Greater Wichita, Inc. v. Secretary ofHuman Resources, 225 Kan. 534 (1979); McMechan v. Everly Roofing,Heating and Air Conditioning, Inc., 8 Kan.App.2d 349 (1983);Guebara v. Green-glo Turf Maintenance, Inc., 16 Kan.App.2d 159(1991); Kinder v. Murray Sons Const. Co., Inc., 264 Kan. 484(1998); Topeka Public Schools, Unified School Dist. No. 501 v. AmericanHome Life Ins. Co., 25 Kan.App.2d 820 (1999).
[18] We note that the threshold population used to be20,000.